AUGUSTUS H. SEELEY, Respondent, *v.* THOMAS CLARK, Impleaded, etc., Appellant.

The words, " party to an action," in the provision of the Code of Civil Procedure (New Code, § 870), providing for the taking of the deposition of a party before trial, includes only parties to the record; that a person is a party in interest is not sufficient to authorize his examination under said provision.

(Argued June 17, 1879 ; decided September 17, 1879.)

APPEAL from order of the General Term of the City Court of Brooklyn, vacating an order of Special Term which granted the application of the defendant Clark for the examination of one George W. Mead before trial, on the ground that he was a " party in interest."

*John Reynolds*, for appellant. Under the old chancery practice, a bill for discovery lay not only against parties to the record in the common law action, but also parties in interest. (*Plummer* v. *May*, 1 Ves., 426; *Glyn* v. *Soares*, 1 Y. & C., 644; *Post* v. *Boardman*, 10 Paige, 580; *Day* v. *Drake*, 3 Sim., 64; Story's Eq. Jur. [11th ed.], § 1500; *Gilbert* v. *Lewis*, 1 De G., J. & S., 38; *Dod* v. *Herring*, 1 Russ. & M., 153; *Chambers* v. *Goldwin*, 9 Ves., 254, 268; Mitford's Pldgs., 161; *Dubois* v. *Doubleday*, 9 Wend., 317; *Myers* v. *Davis*, 22 N. Y., 490, 491; *Cannon* v. *McNab*, 48 Ala., 99.) By Code of Procedure (§ 396) parties in interest could be examined just as parties to the record. (*Howland* v. *Willetts*, 9 N. Y., 170.) Wherever discovery could have been had in chancery, an examination before trial could be had under the Old Code. (1 V. S. [Eq. Pr.], 297; *Phœnix* v. *Duprey*, 2 Abb. [N. C.], 152; *Brandon Manufg. Co.* v. *Bridgman*, 14 Hun, 122; *Greer* v. *Allen*, 15 id., 435; *Glenny* v. *Stedwell*, 64 N. Y., 122–127.) The expression, "party to an action," as used in sections 870 and 872, subdivision 5 of the Code of Civil Procedure, in contradistinction to a mere "witness," or "person not a party," should be held to include parties in interest. (*Woods* v. *De Figaniere*, 16 Abb. Pr., 5; Code, §§ 389–395.)

*Samuel Hand*, for respondent. No provision is made by the Code of Civil Procedure for the examination of any other party to an action than the party of record. (Code of Civil Proc., §§ 870, 871; *Woods* v. *De Figaniere*, 16 Abb. Pr., 1; 1 Robt., 607.)

Danforth, J. The words "party to an action," in section 870 of the New Code, include parties to the record, and no one else. Such is their legal and ordinary meaning. Mead, the person whose examination was directed, it is conceded, is not one of those parties. That he is a party in interest is not sufficient; he is still "a person not a party," and his examination in certain cases is provided for by sec-

tion 871. It is not claimed that a case is made out under that section. To bring him within section 870, the court must supply words, viz., "party in interest," which an examination of title 12, chapter 6 of the Old Code, and a comparison of its provisions, with those of the New (title 3, chap. 9), show, that the Legislature intentionally omitted. This we have no authority to do.

The order for his examination was therefore properly vacated, and the order of the General Term should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.