LANE et al. v. BOCHLOWITZ.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. CHANGE OF VENUE—STATUTES—CONSTRUCTION.
    In view of the statute requiring that an action shall be tried in the name of the real party in interest, the word "party," as used in Code Civ. Proc. § 984, requiring an action on contract to be tried in the county in which one of the parties resides at the commencement thereof, means a party to the record, and hence the residence of parties in interest not parties of record cannot be considered in determining an application for the change of the place of trial.

2. SAME—SCOPE OF DETERMINATION.
    An objection that plaintiffs were not the real parties in interest cannot be considered on a motion to change the place of trial.

3. SAME—COMPETENCY OF WITNESSES—EVIDENCE—MATERIALITY.
    Code Civ. Proc. § 987, providing that the place of trial of an action may be changed whenever the convenience of witnesses and the ends of justice will be promoted thereby, does not authorize a change for convenience of witnesses whose testimony is immaterial and incompetent, or where the evidence could be obtained from other witnesses in the county where the suit is pending.

4. SAME—AFFIDAVIT.
    An affidavit for a change of the place of trial for convenience of witnesses, alleging that it is necessary to prove by the secretary of state that a foreign corporation "had not" complied with the corporation laws, and "had not" complied with the tax laws, but failing to refer to any time, was insufficient to show the materiality or competency of the testimony, since the time referred to may have been long prior to the commencement of the action or to the making of the contract on which the suit was brought.

5. SAME—CONVENIENCE OF PARTY—SINGLE WITNESS.
    The place of trial will not be changed for the convenience of a party to the action or of a single witness.

Appeal from special term, New York county.

Action by J. Henry Lane and others against Herman Bochlowitz. From an order changing the place of trial, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

T. B. Chancellor, for appellants.
G. Herbert Cone, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the breach of a contract. After issue had been joined the defendant moved to change the place of trial from the county of New York to the county of Albany, upon the ground that the latter was the proper county for the trial of the action, and also for the convenience of witnesses. The motion was granted, as appears from the opinion delivered by the learned justice sitting at special term, upon the ground that Albany was the proper county, and the plaintiffs have appealed.

The statute provides (section 984, Code Civ. Proc.) that an action of this character must be tried in the county in which one of the parties resided at the commencement thereof. An action must be

tried in the name of the real party in interest. The statute so provides, and the sense in which the word "party" is used in the statute, therefore, manifestly refers to a party to the action, who alone must be considered for the purpose of determining the place of trial. This was substantially held in Seeley v. Clark, 78 N. Y. 220, where the court said:

"The words 'party to an action' * * * include parties to the record and no one else. Such is their legal and ordinary meaning. Mead, the person whose examination was directed, it is conceded is not one of those parties. That he is a party in interest is not sufficient. He is still a person not a party."

The defendant's contention, which apparently was adopted by the special term, seems to have been that there were others not parties to the action who were the real parties in interest, and that, considering their residence, the place of trial ought to be changed. In this we think the special term erred. Nor do we think it sufficiently appeared to enable the special term to adjudicate thereon that the plaintiffs were not the real parties in interest, even if that fact could have been considered (which it could not) upon the motion to change the place of trial. Therefore upon this ground the motion should have been denied.

We are also of the opinion that a proper case was not made for a change of the place of trial for the convenience of witnesses. The place of trial of an action may be changed whenever it is made to appear that the convenience of witnesses and the ends of justice will be promoted by the change. Code Civ. Proc. § 987. But the statute which permits a change for this purpose manifestly refers to witnesses whose testimony will be material and competent upon the trial of the issues involved. The place of trial cannot be changed where the testimony of alleged witnesses would be immaterial or incompetent. Applying this rule to the facts set out in the moving papers, it at once becomes apparent, after even a casual examination of the facts therein stated, that a case was not made which justified an order changing the place of trial. In the amended answer allegations are set forth to the effect that the plaintiffs, at the time the sale of the goods referred to in the complaint was made, were acting as the agents of two corporations,—one foreign and the other domestic. One of the reasons assigned for the change of the place of trial was that it would be necessary to prove by the secretary of the state of New York that the foreign corporation had not complied with the statute so as to entitle it to sue in this state, and also by another witness that such corporation had not complied with the tax laws so as to entitle it to sue. The corporation referred to is not a party to the action, and, if it were, the facts sought to be established by these two witnesses are not a sufficient ground for changing the place of trial, because the court can see that such facts, if established at all, could be by documentary evidence. If it were otherwise, what the defendant desires to prove is of no importance whatever. What the affidavit states in this respect is that such corporation had not complied with the corporation law; had not complied with the tax laws. When, it is not stated. The time referred

to, therefore, may have been long prior to the commencement of the action, and even prior to the sale of the goods referred to in the complaint. There is not a suggestion of a fact contained in the moving papers from which it can be even inferred that this corporation at the time of the sale of the goods alleged and at the commencement of the action had not fully complied with the statute so as to enable it to transact business in this state and to maintain an action to enforce any claim which it might have. It is also claimed that the witnesses Mincher and Stone were necessary and material in order to enable the defendant to prove that the plaintiffs were selling yarn manufactured by the Dillon Cotton Mills, a foreign corporation, and that such corporation was doing business in this state. But, if this be conceded, how is it material? There is no statute which prevents, so far as we are aware, the Dillon Cotton Mills selling yarn in the state of New York, or to prevent the plaintiffs selling any goods manufactured by such corporation. It is true it is alleged in the amended answer that plaintiffs were acting as agents of certain corporations, but it is not intimated in the affidavits that the defendant can prove that fact by either of the witnesses referred to. All that is claimed that can be proved by them is that the plaintiffs were selling yarn manufactured by a foreign corporation. As to the witnesses Dabney and Fowler, all that is claimed is that they are freight agents at Cohoes, and know what the freight rates on goods to be shipped would be. It is not difficult for the court to see that these facts could be established by witnesses residing in the city of New York as well as by witnesses residing in the county of Albany. This leaves only two other witnesses,—the defendant, himself and his bookkeeper,—and it has many times been held that the place of trial will not be changed to suit the convenience of a party to an action, and we do not think it should be changed to suit the convenience of one witness alone.

It follows that the order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.