CHARLOTTE L. MACKENZIE and ROMEYN BERRY, as Trustee under a Certain Trust Agreement Dated March 12, 1914, Plaintiffs, *v.* SEABOARD NATIONAL BANK, ARTHUR F. LUKE, HENRY W. BANKS, JR., and JOHN L. WEEKS, Partners, Composing the Firm of LUKE, BANKS & WEEKS, WILLIAM S. McGUIRE and RICHARD J. HARTMAN, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

**Depositions — when motion to vacate order for examination before trial granted — criminal law.**

> Where in an action for damages for the conversion of certain shares of stock it appears that one of the defendants had previously been sentenced upon his conviction of the larceny of said stock, and the only special circumstances which render his examination before trial necessary are those relating to his release on parole, a motion to vacate an order for such examination will be granted, where it appears that his deposition is sought to be taken for use upon the separate trial of the issues raised by the answer of other defendants.

MOTION to vacate an order for examination of defendant before trial.

Morris, Plante & Saxe (Charles E. Mahony, of counsel), for plaintiffs.

White & Case, for defendants Luke, Banks and Weeks.

LUCE, J. The defendants Luke, Banks and Weeks apply for the vacation of plaintiffs' order for the examination of Richard J. Hartman, a defendant before trial. The action is to recover $297,912.64 damages for the conversion of 1,104 shares of Singer

12

Supreme Court, July, 1919.            [Vol. 108.

Manufacturing Company stock. The judgment for plaintiffs on a previous trial was reversed. 184 App. Div. 3. An order entered February 10, 1917, provided for a separate trial of the issues raised by the answers of the defendants Seaboard National Bank, and Luke, Banks and Weeks. On May 24, 1919, the action against the Seaboard National Bank was discontinued; thus the separate trial will be only the issues raised by the answer of the defendants Luke, Banks and Weeks, and it is upon that trial that the deposition of Hartman is sought to be taken. In February, 1915, Hartman was convicted of the crime of the larceny of the 1,104 shares of stock of the Singer Manufacturing Company, and was sentenced to State's prison for a maximum term of nine years and seven months, and for a minimum term of five years. In March, 1919, Hartman was admitted to parole, and is at No. 470 West Delavan street, Buffalo. The order required the warden of the Great Meadows prison to produce Hartman for examination at that prison. The order is challenged by Luke, Banks and Weeks. (a) Hartman is not a party defendant upon the trial of the issues raised by their answers; (b) no facts are shown to warrant Hartman's examination as a third party before trial. The objection that Hartman is not a party to the litigation of the issues raised by the answer of Luke, Banks and Weeks is amply sustained by the authorities. *Sharp* v. *Hutchinson,* 48 N. Y. Super. Ct. 101; *Seeley* v. *Clark,* 78 N. Y. 220. The plaintiffs maintain that Hartman is still a convict, subject to prison discipline, still serving the sentence of the court, and that these facts constituting his present status are the special circumstances which render it proper that he should be examined as a third party before trial. The defendants contend that even if still a prisoner

serving a sentence, Hartman may be produced at the trial upon a writ of habeas corpus *ad testificandum,* as provided by section 2008 of the Code of Civil Procedure, and if not under confinement he is subject to subpoena. The able and diligent counsel have cited no authorities upon this question directly in point. The cases of *People ex rel. Clark* v. *Warden,* 39 Misc. Rep. 113, holding Parole Law constitutional, and *Matter of Gargan* v. *Sculley,* 82 id. 667 (a maximum sentence for life, minimum twenty years, was, under Domestic Relations Law, a life sentence) furnish but little aid. Section 214 of the Prison Law provides that a prisoner, while on parole, remains " in the legal custody and under the control of the agent and warden of the state prison from which he is so paroled, until the expiration of the maximum term specified in his sentence  *  *  *  or until his absolute discharge as hereinafter provided." The attorney-general (Report 1910, 886) held a prisoner on parole in the actual custody of the agent or warden of a state prison should not be surrendered to the authorities of the United States or other state for a crime committed in another state. By the terms of the statute Hartman is in the legal custody and under the control of the agent and warden of the Great Meadows prison and it is therefore assumed he is not subject to a subpoena. By the same reasoning, he can be produced upon the trial by habeas corpus *ad testificandum.* If the witness' deposition were produced at the trial, before it could be read there must be proof that he is unable to attend by reason of his insanity, sickness or other infirmity, or that he is in a prison or jail, or he is absent from the state. Code Civ. Pro. § 882. The jail or prison there mentioned must be one without the jurisdiction of the state, since if in a state penal institution his attend-

ance can be compelled as provided in section 2008 of the Code. The only special circumstances which render his examination before trial necessary are those relating to his release on parole. These circumstances are not sufficient, since upon the trial it could not be shown that his attendance cannot be secured. The motion is granted, with ten dollars costs, and the order of June 10, 1919, for the examination of Richard J. Hartman is vacated.

Motion granted, with ten dollars costs.