Parker C. J.
delivered the opinion of the Court. We have taken much pains to avoid the conclusion we feel ourselves at last obliged to adopt in this case, that judgment cannot be entered on the verdict, for want of a sufficient cause of action alleged in the declaration. It is always unpleasant to arrest the course of judicial proceedings on account of defects which have nothing to do with the real merits of the matter in dispute ; but it is impossible, without a palpable disregard to technical rules, to overlook a fault in the outset of the case, which occurred from inadvertence on the part of him who drew the declaration with abundant care, except in the particular which was seized upon by the adverse counsel, probably not to the eventual advantage of his client, if the. case should be again made out in evidence as it was at the former trial.
The action is brought against the defendants as proprietors of the turnpike corporation, for a very serious injury occasioned by the defective state of the bridge which they are bound by law to keep in a condition safe and convenient for passengers. By the statute of incorporation these defendants are made subject to all the provisions, rules and regulations established by the general turnpike law, (St. 1804, c. 125,) by the 6th section of which the proprietors are made liable to an action by any one from whom toll is demandable, who shall suffer loss or injury by reason of any neglect to keep the bridge in such a state as will secure passengers from accident and injury.[1] It is not anywhere alleged in the declaration, that the plaintiff is a person of whom toll is demandable. It does not therefore appear that he has a right to sustain any action.
The cases in the books seem to be very explicit, that no judgment can be sustained, even after verdict, unless the *359 daclaration shows every fact that is essential to the right of action ; and though this is a technical rule, it is not unsupported by reason, for there will be nothing on record to show that the plaintiff is entitled to any damages, and it cannot be presumed that facts not stated have been proved, unless they are of a nature to be necessarily inferred from those which are alleged. There is nothing in the declaration from which it must be inferred that the plaintiff was liable to a demand of toll, for by the 5th section of St. 1804, c. 125, divers classes of persons are exempt from toll, and there is nothing to make it appear that the plaintiff is not in one of them. It is not merely that his title is defectively set forth, but there is a failure to show any title at all, for by the very statute on which he relies to support his action, it is required that he be a person of whom toll is demandable. The cases of Spieres v. Parker, 1 T. R. 141, and Bartlett v. Crozier, 17 Johns. R. 456, put this matter in a very clear light. He who would entitle himself to an action under a statute, must allege all the facts upon which the statute grounds the action ; and if he fails to do this in his declaration, he cannot have judgment. The case in Term Reports is on a statute which gives a penalty to any mariner who, under certain circumstances, shall be impressed, except deserters from his majesty’s ships. The plaintiff stated his case without alleging that he was not a deserter, and this was held to be a fatal defect. And in the New York case before the Court of Errors, the law on the subject is laid down by Mr. Chancellor Kent with admirable force and perspicuity. Numerous cases of a like nature are cited in Espinasse on Penal Actions, and we cannot find that these principles are not applicable to cases not strictly of a penal statute. See Rider v. Smith, 3 T. R. 766; Co. Lit. 304; Clarke v. Gray, 6 East, 568; Miles v. Sheward, 8 East, 8; 1 Wms’s Saund. 228, note 1; Rex v. Pemberton, 2 Burr. 1035; Spieres v. Parker, 1 T. R. 144; The King v. Hall, ibid. 322; Allan v. Hundred of Kirton, 2 W. Bl. 842; S. C. 3 Wils. 318; Young v. Hundred of Tedcombe, 1 Show. 60; Herne v. Lilborne, 1 Bulstr. 162; Small v. Cole, 2 Burr. 1159; Rushton v. Aspinall, 2 Doug. 679. In civil, as well as penal actions, enough must *360 be stated in the declaration, or must be necessarily inferriblefr°m what is stated, to show a perfect right of action. As in the case of Rushton v. Aspinall, 2 Doug. 679, it is held ^at omission t0 allege a demand on the acceptor of a bill of exchange and a refusal to pay, or notice to the indorser, is incurable by verdict and bad on error.
We have maturely weighed the answers to this objection to the declaration. First, it is said that the plaintiff has a right of action at the common law against the proprietors of the bridge, they being obliged by law to keep it in repair, and receiving a compensation therefor in toll, and therefore being liable for damages to any one who suffers by their neglect of duty ; and it is further said, that the remedy given by the general turnpike law is cumulative, and so does not take away the common law right of action. But for that statute, we think there is no doubt that an action could be maintained at common law ; it is certain, however, that the legislature had the right to restrict the liability of the proprietors ; so that the question is, whether they did not intend to restrict it to those only of whom toll should be demandable. And we think there is no doubt of this intention. The St. 1804, c. 125, enacts the rules and principles by which turnpike corporations thereafter to be established should be governed, in order to have a uniform system for the multitude of corporations then likely to spring up through the commonwealth. The act incorporating the company defending in this action, refers to" the general act for the duties, liabilities and privileges of the corporation. By the 5th section of the general act it is provided, that nothing in the act “ shall extend to entitle any turnpike corporation hereafter established, to demand or receive toll from any person that shall be passing on foot, or with his horse or carriage, to or from his usual place of public worship, or from any person passing on military duty, or from any person residing in the town where the gate may be placed, unless they are going or returning from Deyond the limits of said town, or from any person going to or from any grist-mill, or on the common and ordinary business of family concerns.’ By the 6th section it is provided, that the “ corporation shal’ be liable to pay all damages which may happen to any person *361 irom whom toll is demandable, for any damages which shall arise from defect of bridges or want of repair of said turnpike road ; and also liable to presentment by a grand jury, for not keeping the same in repair.” This must be construed a limitation of the right of action to such persons as are liable for toll, and of course a deprivation of the common law right ol action, from those who are exempt from toll.
The legislature perhaps thought it reasonable, that in com pensation for the loss of toll from pretty numerous classes oí citizens, who might have a right to pass roads and bridges which they neither assisted to build nor contributed to keep in repair, the corporation should be exonerated from liability to those persons, if, voluntarily availing themselves of their right, they should come to damage by accidental defect of the bridge or road. The statute therefore does not furnish a cumulative remedy, but restricts the operation and effect of one previously existing. They therefore who would avail themselves of the remedy given by the statute, must show that they are within the description of those to whom it is given. It is essential to their title, that they should be persons of whom toll is demandable ; and if it is not so averred in the declaration, there is nothing on record by which it can be ascertained that they are entitled by law to damages. It has been said that this is in the nature of an exception or limitation of a right given by statute, and that not being contained in the same section with the affirmative provision, it is matter of defence, and need not be averred in the declaration. We should gladly have availed ourselves of this rule of law, if we could see its application to this case. The cases before cited sufficiently establish the rule, that where an action is given by statute, and in another section, or subsequent statute, exceptions are enacted, the plaintiff need not take notice of these exceptions in his count, but leave it to the defendant to set them up in his defence. But where the exception or limitation is contained in the same section which gives the right of action, the plaintiff must negative the application of them to his ground of action. Here unfortunately the qualification of the right of action is contained in the very section which gives the right. Indeed it is in the nature of *362 a condition precedent to the action, that the plaintiff should Rabie to toll. As the general statute is, by legislative reference, constituted a part of the act of incorporation ol r r this company, the section which gives the right of action, as well as that which provides for exemptions, must be considered in the light of additional sections to this latter act. The very section which gives the action, prescribes the terms upon which alone it is given ; it is to persons of whom toll is demandable. This is part, and an essential part, of their title.[1]
It has been further said, that as the plaintiff is of Hingham, and so styled in the writ, and that as it was not on the Lord’s day that he was passing, and that as he was in a chaise with two females, the several causes of exemption did not exist in his favor. But the answer is, that we must go out of the record for the facts on which he would ground his liability to toll. A Hingham man is exempt if going to mill, or for military purposes, or to his usual place of public worship , and it does not appear by the declaration that the plaintiff was not pursuing some of these objects. We are therefore obliged to arrest the judgment.
Certainly objections which are apparent in the beginning of a cause, but which are passed by until the expense of a trial has been incurred, ought not to be favored ; and we have been very far from favoring this, having taken much pains and spent much time to avoid the force of it, but fruitlessly. From the facts reported in the case it is most manifest, that the plaintiff has sustained a very serious injury, and that he is entitled to, and, unless the evidence should be changed, will receive complete indemnity. The damages recovered were far from being extravagant, probably moderated by the consideration that the proprietors of the bridge had no knowledge of the existing defect. We cannot but hope therefore, that there will be a disposition to settle this controversy without the expense of another suit.

Judgment arrested.

*363 After the foregoing opinion was delivered, Rand moved tor leav 3 to amend the declaration, and cited the following authorities to show that amendments are allowed, at the discretion of the court, in furtherance of justice, at any stage of the proceedings. Rex v. Ellames, Rep. Temp. Hardw. 42; Rex v. Grampound, 7 T. R. 699; Tidd’s Pr. (8th ed.) 754, 770; Wilder v. Handy, 2 Str. 1151; Tomlinson v. Blacksmith, 7 T. R. 132; Halhead v. Abrahams, 3 Taunt. 81; Holland v. Hopkins, 2 Bos. & Pul. 243; Grundy v. Mell, 1 New Rep. 28; Oldershaw v. Thompson, 1 Starkie, 312, 313; Williams v. Pratt, 5 Barn. & Ald. 896; Storer v. Gordon, 2 Chit. Rep. 27; Dartnell v. Gibbs, ibid. 28; Archbold’s Pr. (2d ed.) 268.
The Court gave leave to amend upon payment of costs to the October term, and a new trial was granted.[1]

 See Revised Stat. c. 39, § 42.

 See 1 Chitty’s Pl. (6th Amer. ed ) 255, 256.

 So where a verdict was set aside and a new trial granted on account of a material variance between the declaration and evidence, an amendment was allowed on the payment of costs. Stanwood v. Scovel, 4 Pick. 422.