Walker *v.* Hill.

ASA WALKER, JR. *versus* JOHN HILL.

Before the Revised Statutes were in force (c. 104, § 60,) a deputy sheriff might lawfully serve a writ, if he was not a party to the suit, although the action was for his benefit.

THE action was brought by the plaintiff as indorsee of a note. The defendant pleaded in abatement, " that Daniel P. McQuestin, deputy sheriff, the officer who made service of the writ in this case as deputy sheriff, was at the time of the alleged service of said writ, and still is, the true and lawful owner and holder of the note in said writ declared on, and that in truth and in fact said McQuestin is the real party in interest in said suit." The plaintiff demurred to the plea, assigning five causes of demurrer. The Court in the decision of the question, considered it only as a general demurrer, and therefore it becomes unnecessary to give the special causes, or the arguments bearing upon them.

*A. Walker,* for the plaintiff, argued in support of the demurrer, and cited, 4 Johns. R. 486 ; 19 Viner, 442 ; Cro. Car. 416 ; St. 1821, c. 93 ; *Mer. Bank* v. *Cook,* 4 Pick. 405 ; *Adams* v. *Wiscasset Bank,* 1 Greenl. 361 ; 19 Johns. R. 501 ; *Freeman* v. *Cram,* 13 Maine R. 255.

*J. A. Poor*, argued for the plaintiff, and contended, that a deputy sheriff could not legally serve a writ, where he was the plaintiff in interest, although the suit might be brought in the name of another; and cited *Commercial Bank* v. *Wilkins*, 9. Greenl. 28; *Smith* v. *Saxton*, 6 Pick. 483; *Clark* v. *Lyman*, 10 Pick. 45; *Brewer* v. *New Gloucester*, 14 Mass. R. 216; *Sutton* v. *Cole*, 8 Mass. R. 96; 5 Verm. R. 93; 19 Johns. R. 308; *Sutton* v. *Cole*, 3 Pick. 232.

The opinion of the Court was drawn up by

Tenney J. — The pleadings show that Daniel P. McQuestin made service of the writ in this suit as a deputy sheriff, and that he was at the same time the owner of the note declared on. Is the service legal? The statutes of 1821, c. 93, § 1, provide, " that every coroner within the county for which he is appointed, shall serve all writs and precepts, where the sheriff or either of his deputies shall be a party to the same." McQuestin was not a party to the writ; he is not named in it. " They who make any deed and they to whom it is made are called parties to the deed." 5 Jacob's Law Dictionary, p. 104. A party to a writ is either plaintiff or defendant, named therein.

If the term *party* embraces all those who may be interested as owners, neither the sheriff nor any of his deputies could make service of the writ in this case. It has been settled however, that service made upon the President, Directors and Company of a Bank by an officer, who at the time was a stock-holder therein, was sufficient; and that the writ could not have been served by a coroner, because the deputy sheriff was not a party to the suit, although interested. *Adams* v. *Wiscasset Bank*, 1 Greenl. 361. In *Merchants' Bank* v. *Cook*, 4 Pick. 405, the Court say, " The word party then is unquestionably a technical word, and has a precise meaning in legal parlance. By it, is understood, he or they by or against whom a suit is brought whether in law or in equity; the party, plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons; they are parties in the writ, and parties on the record, and all others, who may be

affected by the writ indirectly or consequentially are persons interested, but not parties." The amount of interest, whether the whole or only a part of the subject matter of the suit, cannot be the foundation of a distinction ; neither is the principle varied by the interest being on the side of one party rather than the other. *Thayer* v. *Ray and Trustees*, 17 Pick. 166 ; *Simonds* v. *Parker*, 1 Met. 514. By the Revised Statutes a person interested, as well as a party to the suit, is precluded from serving the writ. Rev. St. c. 104, § 60. But this cannot apply to the case at bar. The foregoing views, render it unnecessary to consider whether the plea is in form correct, for however accurate, it cannot avail the defendant.

<div align="right">

*Plea bad.*