BENJAMIN F. WEBSTER, Respondent, *v.* JOSEPH S. SMITH, Appellant.

### February 27, 1883.

1. BACK TAXES — PARTIES. — The sheriff of St. Louis County, as *ex officio* collector, is the proper person to bring an action at his relation and to his use, as such officer, for the collection of back taxes.

2. SERVICE OF PROCESS. — The sheriff being a party to such an action, he can neither serve the summons nor levy the execution.

3. —— SHERIFFS AND CORONERS. — An execution does not issue to the successor of the sheriff who began the action, but to the coroner, who must make the sale and execute the deed.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Reversed and remanded.*

HENRY R. WATSON, for the appellant, CLINTON ROWELL, of counsel: There is no office of "collector" in the county of St. Louis. — *The State ex rel.* v. *Watson,* 71 Mo. 470. The statute relating to the collection of revenue must be strictly construed. — Blackwell on Tax Tit. 147. The sheriff was a party to the suit and could not serve the process. — Rev. Stats., sect. 3894. There was no office of col-

lector, and hence the sheriff was not a collector *de facto.* — *Hildreth* v. *McIntire*, 1 J. J. Marsh. 206; Wait's Act. & Def. 7; *Carlton* v. *The People*, 10 Mich. 250; *Ex parte Story*, 21 Ohio St. 610.

H. H. DENISON, for the respondent: "Where a successor to the sheriff of St. Louis County was duly elected and qualified, after the adoption of the scheme of separation, he properly assumed the duties of both sheriff and collector from that date. Under the provisions of the scheme of separation, the general law making the offices of sheriff and collector distinct does not apply to St. Louis County."—*The State ex rel.* v. *Watson*, 9 Mo. App. 593; *s. c.* 71 Mo. 470. "The legislature may by law devolve the office and duties of tax collector upon the incumbent of any other elective office."— *The People ex rel.* v. *Kelsey*, 34 Cal. 470. "A person acting as an officer under color of a commission is *de facto* such officer until ejected by a proceeding having that object directly in view; his authority cannot be questioned in a collateral way, and his official acts, until ejected, are valid."—*Aulanier* v. *Governor*, 1 Texas, 653. "The acts of an officer *de facto*, whether judicial or ministerial, are valid so far as the rights of the public, or third persons having an interest in such acts, are concerned."— *Plymouth* v. *Painter*, 17 Conn. 585.

BAKEWELL, J., delivered the opinion of the court.

This was an action of ejectment, to recover possession of a tract of land in the county of St. Louis.

The answer of defendant, after a general denial, is substantially as follows: —

Before November 22, 1876, the city and county of St. Louis were included in the same territory. There was, then, a collector of St. Louis County, to collect taxes, whose office existed under special laws applicable to St. Louis County. This office was separate from that of the sheriff. In 1876, by the scheme of separation, the city was

separated from the county, and the sheriff of St. Louis County was made *ex officio* collector of the revenue in and for the county of St. Louis as it now exists. The back-tax law passed after the scheme went into operation, on April 1, 1877; by this law, the collector in each county was empowered to sue to enforce the collection of taxes. Before that date, the collector was not authorized to commence such suits. In 1880, Watson, then sheriff of St. Louis County and *ex officio* collector, instituted suit in the circuit court of the county of St. Louis, the style of the action being, " The State of Missouri at the relation and to the use of John A. Watson, sheriff and *ex officio* collector of the revenue within and for St. Louis County, *v.* Albert H. Bowman." In the petition in that action it was stated, that said Watson was the duly elected and qualified sheriff and *ex officio* collector of the revenue; and the tax-receipt required to be filed with said suit was signed by said Watson as sheriff and *ex officio* collector. Bowman was a non-resident, and owner of, and in possession of, the land described in the petition. Defendant is Bowman's tenant. The order of publication in the tax suit reads: " State of Missouri at the relation and to the use of the sheriff and *ex officio* collector," and the proper style of said office is nowhere pleaded. Judgment by default was rendered against Bowman. Schneck succeeded Watson as sheriff, and, *virtute officii*, became *ex officio* collector whilst the Bowman suit was pending. Afterwards, on the 13th of April, 1881, judgment was rendered in favor of the state of Missouri at the relation and to the use of the sheriff and *ex officio* collector, on which execution was issued in favor of Watson as sheriff and *ex officio* collector, and directed to the sheriff of St. Louis County. On the 13th of June, 1881, the sheriff sold the property described in the petition to plaintiff Webster for the taxes of 1877 and 1878, at the price of $45, and delivered to him a deed for the same, by virtue of the execution aforesaid rendered on the judgment

aforesaid for delinquent taxes of 1877 and 1878. Plaintiff claims to have acquired all the interest of Bowman in said property by virtue of said deed. The deed and judgment and execution are null and void by reason of the fact that the office of collector of St. Louis County does not exist. The sheriff of St. Louis County was not, at the dates aforesaid, and is not now, authorized to enter suits for delinquent taxes. Plaintiff has paid the taxes on the property in question for 1879, 1880, and 1881, amounting to $25. Defendant offers to refund this sum, and asks that the deed in question be cancelled.

There was a motion for judgment, notwithstanding the answer, which was sustained. The court assessed the damages and rendered judgment for plaintiff.

By virtue of special laws the offices of sheriff and collector were distinct and separate offices in St. Louis County from December, 1836. The general revenue law of 1872 made the offices of sheriff and collector distinct and separate offices in all counties of the state. This act contained special provisions as to the collector of St Louis County. The scheme adopted August 22, 1876, provides that the sheriff of St. Louis County shall be *ex officio* collector of the county of St. Louis. Rev. Stats. 1564, sect. 7. This abrogated the legislative provision making the offices of sheriff and collector of St. Louis County separate offices. *The State ex rel.* v. *Watson*, 71 Mo. 470.

Undoubtedly the sheriff, as *ex officio* collector, is the proper person to commence an action for taxes in the name of the state, at the relation and to the use of the sheriff as *ex officio* collector of St. Louis County, under section 6837 of the revenue law. But we know of no statutory provision which authorizes him to serve process or levy execution in a proceeding to which he is a party. The statute in regard to sheriffs provides that " every coroner within the county for which he is elected or appointed shall serve and execute all writs and precepts, and perform all other du-

ties of the sheriff, when the sheriff shall be a party, or when it shall appear to the court out of which the process shall issue, or to the clerk thereof when in vacation, that the sheriff is interested in the suit." Rev. Stats., sect. 3894.

The statute prescribes that all " actions commenced under the provisions of this chapter shall be prosecuted in the name of the state of Missouri, at the relation and to the use of the collector, and against the owner of the property." It appears from the answer under consideration that the action in which the judgment was rendered under which plaintiff claims, was so prosecuted. The statute further provides, that " in all suits under this chapter the general law of the state, as to practice and proceedings in civil cases, shall apply so far as practicable." Rev. Stats., sect. 6837.

If the sheriff was a party, he could not serve process. So far as the judgment itself under which plaintiff is alleged to claim is concerned, it could not be attacked in a collateral proceeding, such as the one before us, unless void for want of jurisdiction. *Gray* v. *Bowles*, 74 Mo. 419. And nothing is alleged in the answer to show that the judgment was void. The question as to service of process by the sheriff or coroner does not arise as to the judgment, because it does not appear that any summons was issued. The defendant in the back-tax suit is alleged to have been a non-resident. A summons and return of *non est inventus* by the sheriff are not alleged, and they were not necessary. An order of publication may be made on return of "not found." But it is not necessarily made upon a return. The statute provides that in any action to enforce a demand against any property within the jurisdiction of the court, an order of publication shall be made on affidavit of non-residence of the defendant by the plaintiff, or some person for him. Rev. Stats., sect. 3494. The circuit court had jurisdiction to hear and determine the back-tax suit,

if the publication required by statute was made under the circumstances set forth in the statute; and it does not appear that it was not so made.

The question as between the sheriff and coroner arises, therefore, only as to the proceedings subsequent to judgment. Ought the execution to have issued to the coroner, and the sale and deed to have been made by him?

It is to be observed that, in the present case, the allegations of the answer are, that the execution issued, not to the sheriff, to whose use the back-tax suit was brought, but to his successor in office. In the view that we take of the law, this is unimportant, and its effect, in case the sheriff is a party to the back-tax proceeding, need not be considered or discussed.

If the sheriff was not a party to the action, then he could, undoubtedly, serve all process, from the summons to the *fieri facias.*

The sheriff has an interest in an action on a tax bill to the extent, at least, of his commissions. In Missouri the sheriff is disqualified, not only where he is a party to the action, but also where it appears that he is interested in the result of the suit. In other states, under different statutes, providing that the coroner shall serve all process in cases in which the sheriff is a party, it is held that the fact that the sheriff has an interest in the suit does not disqualify him. Where the sheriff, being the owner of a promissory note, brings suit in the name of another, as he is not party to the record, he, and not the coroner, must serve process. *Walker* v. *Hill*, 21 Me. 481. The sheriff must serve process for or against a corporation of which he is a member. *Merchants' Bank* v. *Cork*, 4 Pick. 405. " It is true," says Chief Justice Parker in the case last cited, " that a sheriff, in serving process for or against corporations of which he is a member, has an opportunity to commit frauds in his own favor, which it may be difficult to guard against or detect; but the sheriff is an officer in whom great confi-

dence is necessarily reposed. His temptations are numerous and strong; the vigilance over him, however, is powerful, supported, as it is, by the personal interest of all whom he may attempt to defraud. The law itself watches him closely; the penalty of his bond hangs over his head; his sureties are his guardians. But if his power in such cases be an evil, it is one which the legislature alone can cure."

A statute, then, which directs that the coroner shall serve process in suits to which the sheriff is a party, does not apply to suits in which the sheriff is interested, but is not technically a party.

The phrase, "a party to the proceeding," in a statute, embraces only such persons as are parties in a legal sense, and who have been made, or have become such, in some mode prescribed or recognized by law, so that they are bound by the proceeding. *Robinson* v. *Vandeburg County*, 37 Ind. 333. It is a technical word, and has a precise meaning in legal parlance. By it is understood he by or against whom the suit is brought, including all persons who have a right to make defence, control the proceedings, and appeal from the judgment. Strangers do not possess these rights; they may be parties interested, and privies, but are not parties to the action unless parties to the writ and parties on record. *Hunt* v. *Haven*, 52 N. H. 162; *Merchants' Bank* v. *Cork, supra.* The relator of plaintiff to whose use the action is brought, is, therefore, in a true and technical legal sense, a party to the action. That he has no interest in the action, beyond a small commission on the amount recovered, is immaterial. This is true of an executor, and generally of all trustees of an express trust, who, suing in their own names, are undoubted parties to the action.

It appears, however, that before the execution was issued, Watson, who was sheriff when the action was instituted, went out of office, and was succeeded by Schnecko, and that Schnecko and not Watson was the sheriff who executed the writ, advertised and sold the property, and

made the deed. It may be contended that, for this reason, the sheriff who executed process was not in fact the party to the action. But we do not think this argument is sound. It is plain from the language of the statute, that in all back-tax suits to which the sheriff of St. Louis County is a necessary party, process is to be directed to the coroner. The fact that that particular sheriff to whose use the action was originally brought goes out of office after the summons is served, can make no difference. The action must be brought "at the relation and to the use of the collector," (Rev. Stats., sect. 6837), who, in St. Louis County, is the sheriff. It is immaterial how often the incumbent of the office is changed during the progress of the cause; the action is, from its nature and by statute, not to the use of Watson or Schnecko as individuals, but to the use of the sheriff, and the last sheriff as well as the first may have an interest in the commission. *Watson* v. *Schnecko*, *ante*, p. 108. The statute says that all actions for back taxes shall be governed by the general laws as to practice and proceedings, so far as applicable. Rev. Stats., sect. 6837. And the coroner is to serve all process, not only where the sheriff is a party, but "when it shall appear to the court out of which process shall issue, that the sheriff is interested in the suit." The fees do not necessarily come to the officer who was in office when judgment was rendered. But in the absence of any provision of law for the division of fees between successive collectors, a very large portion of these fees for collection may come to him, in which case it must appear to the court that he is interested in the suit, which is the very case provided by statute.

We think, therefore, that, on the facts stated in the answer, the execution in the tax suit should have issued to the coroner, and that it was erroneously issued to and executed by the sheriff. The sale was made and the deed was executed by the sheriff. All these functions should

have been performed by the coroner. The plaintiff in ejectment must make out his title. He could not do so by introducing a deed from a sheriff, for land sold by a sheriff who had no authority to execute the process under which the land was sold, to make the sale, or to execute the deed. If plaintiff's title is derived, as alleged in the answer, through a deed made merely under a power by one who had no power to make the deed, he must fail to recover in the action of ejectment.

The answer is open to criticism; but facts appear to constitute a defence. We think that the trial court erred in entering judgment on the answer.

The judgment is reversed and the cause remanded. All the judges concur.