Submitted on briefs on motion to dismiss; decided Dec. 17, 1912.

## STATE OF OREGON v. McDONALD.

(128 Pac. 835.)

**Amicus Curiae—Effect on Proceedings—Definition.**

1. Where the defendants resisted a case through their attorney, that such attorney assumed the role of amicus curiae does not affect the proceeding, for the office of an amicus curiae is restricted to making suggestions as to questions apparent upon the record, or matters of practice presenting themselves for determination in course of proceedings in open court, and cannot take upon himself the management of the cause as counsel.

**Appeal and Error—Adverse Parties—Notice.**

2. Parties who appeared by counsel and resisted the granting of an order will be assumed to be adverse parties, entitled to notice of appeal from such order.

**Appeal and Error—Allowances—Fees—Notice.**

3. On appeal from an order making allowances for witness fees, traveling expenses, attorney's fees, etc., notice should be given to all parties in whose favor allowances were made.

**Appeal and Error—Right to Appeal.**

4. The State cannot appeal from an order making allowances for special attorney's fees, etc., entered on the motion of a district attorney.

From Union:   JOHN W. KNOWLES, Judge.

Statement PER CURIAM.

This was originally a proceeding begun to recover for the use of the State of Oregon certain property in Union County as upon an escheat. The State having obtained judgment, the case was brought here on appeal and reversed in an opinion reported at 55 Or. 419 (103 Pac. 512: 104 Pac. 967: 106 Pac. 444). The State having again prevailed in a second trial in the circuit court, the case was again appealed and the decision below affirmed. 59 Or. 520 (117 Pac. 381). It seems that Charles E. and George T. Cochran, composing the firm of Cochran &

Cochran, had been employed by the Governor of the State as special counsel. When the case was finally remanded to the circuit court, the district attorney with Cochran & Cochran filed a motion to direct the sale of the real property involved, and with the motion the firm filed an affidavit setting out in considerable detail the services they had performed, together with affidavits of many attorneys from different parts of the State giving their opinions as to what would be a reasonable attorney's fee to be allowed to the special counsel for those services; also accompanying the motion was an affidavit of C. E. Cochran, stating the amount of costs in the circuit and Supreme Courts and certain expenses incurred in the proceedings on behalf of the State of Oregon. N. Schoonover also filed an affidavit giving in detail what constituted his expenses for his trip to Scotland and return in search of evidence for the State at the instance of the district attorney and special counsel. The sheriff of Union County also filed a statement of taxes, charged against the property for several years, amounting in all to $1,311. The original defendants in the action by their attorney, who also styled himself *amicus curiae*, interposed a demurrer and various motions and objections to the allowance of the amounts claimed for attorney's fees and expenses, all of which forms of opposition were determined against the defendants. On February 6, 1912, the circuit court entered an order the substance of which was to allow the fees of associate counsel at $7,500 and the other expenses at the amounts claimed and to direct the sale of the escheated real property and the application of the proceeds of sale to the payment of the sums of money allowed by the order, the balance to be paid to the State Treasurer. On March 7, 1912, Oswald West, Governor of the State of Oregon, by A. M. Crawford, Attorney General, moved the court to set aside the order last above

quoted so far as the same relates to the allowance of attorney's fees, but this motion was overruled. Afterwards, on August 3, 1912, there was filed in the circuit court a notice of appeal, which, with the acceptance of service annexed and omitting the title of the action, reads as follows:

"Notice is hereby given that the State of Oregon appeals to the Supreme Court of the State of Oregon from the judgment and decree of the circuit court of the State of Oregon for the county of Union in the above-entitled cause made and entered on February 6, 1912, fixing and allowing $7,500 as attorneys fees to be paid to Cochran & Cochran and $75 to be paid to Dr. Myers as expert witness fees and $50 to be paid to Dr. Hall as expert witness fees and $341.30 to be paid to Cochran & Cochran for costs in the circuit court and $156.99 to be paid to Cochran & Cochran as costs in the Supreme Court and $563.05 to be paid to Nelson Schoonover, and the State of Oregon appeals from the whole of said decision and decree, and from every part thereof.

"(Signed) A. M. Crawford, Attorney General for Oregon.

"Turner Oliver, Special Counsel appointed by the Governor.

"We hereby accept service of the foregoing notice of appeal and acknowledge receipt of a copy thereof on this August 1, 1912.

"(Signed) George T. Cochran, Special Counsel for the State of Oregon in the above-entitled cause.

"F. S. Ivanhoe, District Attorney."

The matter is now presented to this court on the motion of George T. Cochran to dismiss the appeal on sundry grounds, of which the following are noticed:

(1) "That the notice of appeal in this action was not served upon all the adverse parties, to wit, the said notice was not served upon Charles E. Cochran, one of the parties interested in attorney's fees allowed by the trial court. Said notice was not served upon N. Schoonover, the person interested in the expenses mentioned in assignment of error No. 5 of the abstract. Said notice was not served upon Dr. Hall nor Dr. Myers, the per-

sons mentioned in assignment of error Nos. 1 and 11, as stated in appellant's abstract. Said notice was not served upon any of the defendants in the original case."

Also (3) "That the State of Oregon, plaintiff and appellant, made no objection to the order of Judge Knowles, allowing attorney's fees, but, on the contrary, one Oswald West, who claims to be Governor of the State of Oregon, by one A. M. Crawford, claiming to be Attorney General, appeared individually in said proceeding and sought to object thereto and that no bill of exceptions was made or certified by the lower court on said affidavit and motion."                                          DISMISSED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 (117 Pac. XI).

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, and *Mr. Turner Oliver.*

For respondents there was a brief over the names of *Messrs. Cochran & Cochran.*

Opinion PER CURIAM.

Section 7370, L. O. L., provides:

"In any judgment rendered or that has heretofore been rendered by any court of competent jurisdiction, escheating real property to the State, on motion of the district attorney, the court shall make an order that said real property be sold by the sheriff of the proper county, where the same is situated, at public auction for cash in the same manner as real estate is sold on execution * * and the sheriff shall out of the proceeds of such sale pay the costs thereof and pay the costs of said proceeding incurred on behalf of the State in accordance with and as shown by the decree of court ordering such sale and the remainder of the proceeds of sale he shall pay to the State Treasurer."

Section 7376 reads thus:

"The Governor is hereby authorized and empowered to employ additional counsel in all cases arising under

the provisions of this act in which he deems it for the best interests of the State; and whenever it shall appear to the Governor necessary to employ additional counsel to aid the district attorney in the prosecution or defense of any action, suit or proceeding authorized by this act such counsel shall be paid such sum or sums for such services as the court before whom such action, suit or proceeding is had shall deem reasonable, which compensation shall be paid out of the proceeds arising therein as the costs of the State in acquiring or in defense of said escheated property."

1. The order from which the appeal was taken was made on motion of the district attorney, the law officer of the State in such cases named in Section 7370, L. O. L. This culmination of the case was resisted by many devices by the original defendants in the case as well as by their counsel who assumed the role of *amicus curiae*. In our judgment the proceeding is not affected by the appearance of a friend of the court; for, as said in 2 Cyc. 283:

"The office of a friend of the court is restricted to making suggestions as to questions apparent upon the record, or matters of practice presenting themselves for determination in course of proceedings in open court. An *amicus curiae* can neither take upon himself the management of the cause as counsel; nor file a demurrer; nor take exceptions to the ruling of the court; nor bring the case from one court to another, by appeal or writ of error; nor suggest a diminution of the record; nor file a petition for a rehearing."

2. The original defendants were either adverse parties in the proceeding terminating in the order from which the appeal has been taken or they were not. If they were adverse parties, which might be assumed from the fact that they appeared by their counsel and resisted the granting of this order, the notice should have been served upon them, because, if they were interested in opposing it in the circuit court, they are interested in defeating it on appeal to this court.

3. The notice of appeal should have been served also upon all the persons in whose favor allowances were made, for it is not consonant with justice that they should be deprived of the benefits thus adjudged to them without being afforded an opportunity to be heard. *Hamilton* v. *Blair,* 23 Or. 64 (31 Pac. 197) ; *Schmidt* v. *Oregon Gold Mining Co.,* 28 Or. 9 (40 Pac. 406, 1014: 52 Am. St. Rep. 759), is also instructive in this connection.

4. If they and the original defendants were not adverse parties in the proceeding from which this appeal has been taken, the order complained of was as to them a consent order, for it was upon the motion of the State of Oregon by its District Attorney that this decision was made. The plaintiff cannot complain or appeal of an order which was entered on its own motion in the court below. The State cannot quarrel with itself.

We have here the anomalous situation of a notice of appeal on behalf of the State directed to no particular person and service thereof accepted by its own District Attorney. In other words, the State served its own notice upon itself, and in our judgment this does not present a case calling for the action of this court.

The appeal is dismissed.        DISMISSED.