Motion to dismiss appeal denied March 12; argued October 23; reversed November 12, 1946; rehearing denied January 7, 1947.

In re Young

STATE et al. *v.* YOUNG

(174 P. (2d) 189)

*O. C. Gibbs,* of Lakeview, for appellants.

*Robert L. Welch,* District Attorney, of Lakeview, and *Herbert P. Welch,* of Lakeview, for respondents.

Before Belt, Chief Justice, and Kelly, Bailey, Lusk and Brand, Justices.

KELLY, J.

This is a proceeding instituted on November 24, 1943, in the Juvenile Department of the County Court in and for Lake County, Oregon, to have Guy Erwin Young adjudged to be a dependent child.

On November 26, 1943, defendants, George Young and Rachel Young, who are the parents of Guy Erwin Young, filed in said county court a demurrer to plaintiffs' petition on the ground that said petition does not state facts sufficient to require or authorize the intervention of said court. Defendants' demurrer was thereupon overruled and upon summarily hearing the petition said court made and entered an order committing the said Guy Erwin Young to the care of the petitioner Robert E. North.

On November 27, 1943, an appeal was taken from the order of said county court to the Circuit Court in and for Lake County, Oregon.

On May 16, 1944, the demurrer of defendants to the petition of plaintiffs was submitted to and overruled by said circuit court.

On May 17, 1944, defendants filed their answer to said petition, and on August 14, 1944, Robert E. North filed a reply thereto.

A trial to a jury was had on June 14th to 16th inclusive, 1945. At the conclusion of the evidence submitted by plaintiffs a motion for an order of involuntary nonsuit was interposed by defendants. This motion was denied by the trial court.

On June 16, 1945, a verdict was returned finding "that Guy Erwin Young is a dependent child."

On said 16th day of June, a judgment was duly entered adjuding Guy Erwin Young to be a dependent child and permanently committing him to the Boys' and Girls' Aid Society of Oregon.

From this judgment defendants have appealed.

At the outset, we are confronted with a renewed presentation of plaintiffs' motion to dismiss this appeal on the ground that the Boys' and Girls' Aid Society was not served with a notice of appeal herein. On March 12, 1946, this motion was denied without an opinion. In plaintiffs' brief and upon oral argument, it is contended that it should have been sustained and defendants' appeal dismissed.

The requirement of the statute governing appeals not taken at the time of decision is that—

"the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, * * * *."

Sub-div. 1 of Section 10-803, Vol. 2, O. C. L. A., p. 202.

The Boys' and Girls' Aid Society is not a party to, and has not appeared in, this proceeding either by petition, motion, demurrer, answer or otherwise.

"With reference to judicial proceedings, the word 'party' is generally used as meaning one of two opposing litigants, he or they by or against whom a suit is brought, whether in law or in equity; the plaintiff or defendant, whether natural or legal persons; and all others, whether composed of one or more individuals, and who may be affected indirectly or consequentially are persons interested, but not parties. * * * *." 47 C. J., Subject: Parties, Sec. 1, p. 14.

In note 7, supporting the last clause of the above quotation, the following authorities are cited: *Merchants Bank v. Cook,* 4 Pick. (Mass.) 405, 411; *Walker v. Hill,* 21 Me. 481, 482; *Cullen v. Woolverton,* 65 N. J. L. 279, 282, 47 A. 626; *Winston v. Masterson,* 87 Tex. 200, 27 S. W. 768. See also *Douglass v. Gardner,* 63 Me. 462; *Hunt v. Haven,* 52 N. H. 162; *Thayer v. Overseers,* 5 Hill 443; *Cooke v. Cooke,* 41 Md. 362, 369; *Owens v. Gotzian,* 4 Dill. 436, 438, Fed. Cas. No. 10634; *Seeley v. Clark,* 78 N. Y. 220. See also Annotation to *Colwell v. Union Central Life Ins. Co.,* in 88 A. L. R. 419, under the title, "Who is adverse party within statute providing for service of notice of appeal on adverse party." Subtitle: "Persons not joined as parties," wherein it is said:

> "It seems to have been held with practical uniformity that persons who are not made parties to an action or proceeding are not within the purview of a statute which requires an appellant to serve notice of the appeal on adverse parties. Such a person, though interested in upholding the judgment, not having been a party, cannot be an adverse party."

To support this statement the editor of the annotation, *inter alia,* cites *Barger v. Taylor,* 30 Or. 228, 42 P. 615 and *Spitzer v. "Annette Rolph" et al,* 110 Or. 461, 218 P. 748, 223 P. 253.

In *Spitzer v. "Annette Rolph" et al,* supra, the late Mr. Justice BURNETT, speaking for this court, said:

> "The statute only requires notice 'to be served on such adverse party or parties as have appeared in the action or suit.'"
>
> \* \* \* \* \*
>
> "Appearances as employed in this statute is predicated of persons in favor of or against whom

allegations are made in the pleadings and who are called upon to prosecute or defend.''

In support of their motion to dismiss this appeal, plaintiffs cite *In re Brooks Estate,* 167 Or. 428, 118 P. (2d) 103, and *State of Oregon v. McDonald,* 63 Or. 467, 472, 128 P. 835, Ann. Cas. 1915A, 201.

In the first of these two cases, the appeal was dismissed, because no notice thereof had been served upon Mattie Alice Baker. In the opinion, the following statement appears:

"As shown by the above excerpts of the record, Mattie Alice Baker appeared in the proceeding first, by interposing a petition for the removal of claimant as administrator; second, for the purpose of opposing claimant's alleged claim at the time first appointed for hearing said claim; and, third, when the order appealed from was made." The following statement is also made:

"A party to a judgment or decree entitled to service of notice of appeal must have become a party thereto in some manner recognized by law."

In the case at bar, the Boys' and Girls' Aid Society did not become a party thereto in any manner recognized by law. It could not control or exercise any control over the proceeding; it had no right to call or examine or cross-examine witnesses, or present a brief or argument to the court.

In *State v. McDonald,* supra, it is held that special counsel employed by the governor of the state as special counsel in the case which was a proceeding begun to recover for the use of the State of Oregon certain property in Union County as upon escheat; and who had filed an affidavit setting out in con-

siderable detail the services they had performed accompanied by affidavits of other attorneys as to what would be a reasonable attorneys' fee for those services. The original defendants interposed a demurrer and various motions and objections to the amounts claimed by said special counsel. The trial court entered an order that, among other things, allowed fees of associate counsel at $7,500. An appeal was attempted to be taken from this last named order.

The distinction between the two cases cited in support of plaintiffs' motion to dismiss this appeal, and the instant case is obvious.

In a word, there was no appearance in the case at bar by the Boys' and Girls' Aid Society and nothing appears indicating that this society is adverse to defendants.

■ We adhere to our former ruling whereby the motion to dismiss this appeal was denied.

The demurrer of defendants to plaintiffs' petition challenges the sufficiency thereof, and this being a proceeding based upon a statute, we must look to the provisions of the statute to determine whether or not the petition conforms thereto.

For the purpose of this case, the following provision of the statute controls:

" 'Child dependency' shall be defined as follows: Persons of either sex under the age of eighteen years * * * * * whose home by reason of neglect, * * * * * on the part of parents, guardians, or other persons in whose care it [they] may be is an unfit place for such children * * * * * * * ." Excerpt from section 93-602, O. C. L. A. Vol. 6, p. 499.

The petition does not allege that when the alleged neglect occurred, or at any time the child in question, Guy Erwin Young, was in the care of defendants or either of them.

■ Where a party relies upon a statute to entitle him to the remedy he demands, it is indispensable that he plead facts demonstrating his right to recover under the statute. *Oregon Liquor Commission v. Anderson Food Markets,* 160 Or. 646, 87 P. (2d) 206; *Jefferson County v. Gulf Refining Company,* 202 Ala. 510, 80 So. 798; *Johnson v. City of Glendale,* 12 Cal. App. (2d) 389, 55 P. (2d) 580; *Bailey Trading Co. v. Levy,* 72 Cal. App. 339, 237 P. 408; *Green v. Grimes-Stassforth Stationery Co.,* 39 Cal. App. (2d) 52, 102 P. (2d) 452; *Watts v. Currie,* 38 Cal. App. (2d) 615, 101 P. (2d) 764; *City of Indianapolis v. Evans,* 216 Ind. 555, 24 N. E. (2d) 568; *City of Indianapolis v. Uland,* 212 Ind. 606, 10 N. E. (2d) 907; *Gruber v. State ex rel. Welliver,* 196 Ind. 436, 148 N. E. 481; *Ezra v. Manlove,* 7 Blackf. (Ind.) 389; *Laurel County v. Lucas,* 299 Ky. 237, 185 S. W. (2d) 259; *Burkhart v. City of Newport,* 265 Ky. 796, 97 S. W. (2d) 803; *Federal Chemical Co. v. Paddock,* 264 Ky. 338, 94 S. W. (2d) 645; *Penick, et al. v. Commonwealth,* 250 Ky. 86, 61 S. W. (2d) 1098; *Marshall v. Tully,* 193 Ky. 246, 235 S. W. 726; *Garvey v. Wesson,* 258 Mass. 48, 154 N. E. 516; *Williams v. Hingham,* 21 Mass. (4 Pick.) 341; *Gulf Research Development Co. v. Linder,* 177 Miss. 123, 170 So. 646; *Russell v. The Hannibal & St. Joseph R. R. Co.,* 83 Mo. 507; *Sommerville v. Board of Commissioners,* 117 Neb. 507, 221 N. W. 433, Aff. 116 Neb. 282, 216 N. W. 815; *Home Lumber & Coal Co. v. Hartford Mining Co.,* 58 Nev. 361, 368, 81 P. (2d) 1063; *Clough v. Shepherd,* 31 N. H. 490; *Gould v. Kelley,* 16 N. H. 551; *Pavignano v. At-*

*lantic Casualty Ins. Co.,* 14 N. J. (Misc.) 280, 184, At. 614; *Churchill v. Onderdonk,* 59 N. Y. (14 Sickels) 134; *People ex rel Rogers v. Spencer,* 55 N. Y. (10 Sickels) 1; *Austin v. Goodrich,* 49 N. Y. (4 Sickels) 264; *Bartlett v. Crozier,* 8 Am. Dec. 428, 17 Johnson (N. Y.) 449; *Marriott v. State,* 56 N. Y. S. (2d) 584; *Emanuele, et al. v. Rochester Packing Co., Inc.,* and eight other cases, 45 N. Y. S. (2d) 164; *Baldwin v. Hegeman Farms Corporation,* 277 N. Y. S. 705, 154 Misc. 285; *In re Carey,* 196 N. Y. S. 773; *Harbison v. Propper,* 183 N. Y. S. 508, 112 Misc. Rep. 588; *Rosenstock v. City of New York,* 89 N. Y. S. 948; *Pool v. Chapman,* (Tex.) 283 S. W. 762; *Furbreeders Agricultural Cooperative v. Wiesley,* 102 Utah 601, 132 P. (2d) 384; *Hamilton v. Salt Lake City,* 99 Utah 362, 106 P. (2d) 1028; *Walker Bros. Drygoods Co. v. Woodhall,* 61 Utah 259, 212 P. 523; *Rhymer v. Federal Life Insurance Co.,* 13 Fed. Supp. 181.

It is obvious that unless the parents had the care of a child, the neglect to provide themselves with a home suitable for such child could not have the effect to render the child a dependent child. The statute expressly limits the remedy here sought to cases where the negligent parent, guardian or other person has the care of the child. There are innumerable cases where children not in the care of their parents or either of them are not dependent.

In the case at bar, the uncontradicted testimony is to the effect that since June, 1940, Guy Erwin Young has not been in the care of his parents or either of them.

■ The error of the trial courts in overruling the demurrer of defendants to the petition of plaintiffs

could have been corrected by sustaining defendants' motion for an order of involuntary nonsuit, but the learned trial judge overruled it.

■ The uncontradicted testimony, above mentioned, discloses that the defect in plaintiffs' petition cannot be cured by amendment, hence, it is ordered that the order and judgment of the circuit court be and the same is reversed and this proceeding is dismissed.