Argued February 5, affirmed April 8, 1964

IN THE MATTER OF DEENA MARIE HOPPE,
A CHILD.
STATE OF OREGON *v.* HOPPE ET AL
390 P. 2d 937

*Clifford B. Alterman*, Portland, argued the cause for appellants. On the briefs were Kell & Alterman, Portland.

*Charles S. Evans*, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, Goodwin, Denecke and Lusk, Justices.

DENECKE, J.

The Juvenile Court of Multnomah County ordered that Deena Marie Hoppe be made a ward of the court, that she be placed temporarily in the home of Mr. and Mrs. Calvin Jones under supervision of the court, and that the visitation rights of the mother and father be under the sole direction of a counselor of the court.

Deena is a 10-year-old part-Klamath Indian girl. Her mother, Ida Belle Hoppe, a Klamath Indian, and Edith and William Walker, Deena's maternal aunt and uncle, have appealed. Merrill Hoppe, Deena's father and Mrs. Hoppe's ex-husband, was also a party. Mr. and Mrs. Hoppe were divorced in 1953, but frequently thereafter they lived together. In the divorce, custody of Deena was awarded to Ida Hoppe. Mr. and Mrs. Calvin Jones, Deena's foster parents, were also parties to the proceeding.

During the two years preceding this case, Deena had been living in Sandy, Oregon, with Mr. and Mrs.

Jones, former Portland neighbors of Mrs. Hoppe. Prior to August, 1961, Mrs. Hoppe had frequently hired Mrs. Jones to baby-sit for Deena, but in August, 1961, Mr. and Mrs. Jones moved to Sandy, Oregon, and then asked Mrs. Hoppe to allow Deena to live with them. Mrs. Hoppe agreed and offered to pay $50 a month for Deena's care.

In 1963 petitions were filed pursuant to ORS 419.482 alleging that Deena was within the jurisdiction of the court and praying for an investigation and disposition by the court. The petitions alleged that on January 4, 1963, Deena was visiting her divorced parents at her mother's house in Portland. Both parents were drinking and fighting in the home, causing Deena to run to a neighbor's home. The police were called and subsequently arrested Mrs. Hoppe as drunk on the street. The police found the house in a state of disarray with little food and no milk in the refrigerator and nearly 100 whiskey bottles on the back porch.

A hearing was held on the petition and the court made the order above stated.

■ The appellants urge that the court erred in declaring the child a ward of the court. They contend the Multnomah Juvenile Court had no jurisdiction because the child did not reside in the county. ORS 419.480 provides:

> "A juvenile proceeding shall be commenced in the county in which the child resides or is found. The proceeding is transferable as provided in ORS 419.545 to 419.557."

Appellants argue that the child resided with the Joneses in Clackamas County; therefore, the Multnomah Court had no jurisdiction. It could be de-

termined that, regardless of where the child "resided," she was "found" in Multnomah County and, therefore, that the court had jurisdiction. However, we base our decision on the ground that ORS 419.480 is a venue, not a jurisdictional, statute. At the hearing below the appellants did not object to the court's considering the matter; therefore, the objection to venue is waived. *Mutzig v. Hope*, 176 Or 368, 386, 158 P2d 110 (1945).

The decision that the above statute is one of venue is bolstered by a consideration of the transfer statutes of the juvenile laws. ORS 419.545 provides that if it is determined that the child resides in a county other than the one in which the proceeding is pending the case shall be transferred to the county of residence unless both the juvenile courts involved agree to the contrary. Other grounds are stated which would permit the proceeding to continue in the county in which it was initially brought. ORS 419.545, 419.557 create flexibility between the various juvenile courts and are clearly venue provisions. They are waived if not brought to the attention of the juvenile court.

■ The mother and the uncle and aunt also claim the court erred in declaring Deena a ward because conditions for the exercise of the court's jurisdiction under ORS 419.476(1) (e) were not proved. ORS 419.476 provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
"* * * * *

"(e) Either his parents or any other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or failed to provide him with the care, guidance and

protection necessary for his physical, mental or emotional well-being; * * *."

The appellants contend that Deena was adequately cared for by Mr. and Mrs. Jones and, therefore, the juvenile court had no basis upon which to exercise jurisdiction. Defendant cites, among others, *State v. Young*, 180 Or 187, 174 P2d 189 (1947).

In *State v. Young*, supra, we stated:

"The petition does not allege that when the alleged neglect occurred, or at any time the child in question * * * was in the care of defendants or either of them." (180 Or at 193)

That fact is not true in this case and its absence distinguishes the relevant cases cited from this case. In *Sneed v. Sneed*, 230 Or 13, 368 P2d 334 (1962), this court reiterated:

"* * * the [juvenile] court cannot assume jurisdiction of a child, pursuant to the above statute [ORS 419.476(1)], unless the person having the actual physical custody of the child, even though a stranger to the child, has neglected the child. * * *" (230 Or at 17)

In this case the child was in the actual physical care of its parents when the blatant incident of parental neglect related in the petitions occurred. In addition to the proof of the facts alleged in the petition, there was testimony that on the same weekend Mrs. Hoppe had mistreated Deena by grabbing her hair and "jerking her around."

The conduct referred to in the petitions was no isolated incident. Mrs. Jones testified:

"* * * the reason I wanted Deena so much to come out with me was because at that time [prior to Deena going to live with the Joneses] Ida [Mrs.

Hoppe] was drinking and there were times in the middle of the night that Deena would call our house. We would calm her down and tell her to quiet down and go back to bed, or my husband would go over and talk to her and bring her over to our house in the night. * * *"

■ Appellants also contend the juvenile court erred in placing Deena with the Joneses rather than with her aunt and uncle, the Walkers, and in directing that all visitation of the parents be under the direction of a counselor of the court.

It was conceded that the mother should not have custody. In ordering Deena to remain with the Joneses the court noted Deena had been there for about two years and had been attending school there. The court stated that the Walkers would provide a stable home but that, if Deena were placed there, Mrs. Hoppe would be there, creating a situation which would not be in Deena's interest.

■ This is not the case of a parent's right to custody versus that of a stranger or the desires of the state, as in *Parmele v. Mathews,* 233 Or 616, 379 P2d 869 (1963), or *Chandler v. State,* 230 Or 452, 370 P2d 626 (1962). Relatives do have some preference over strangers, but the controlling consideration is the welfare of the child. The record amply demonstrates that the juvenile court had good reason to place the child with the Joneses.

With reference to visitation, the mother's history provides the grounds for the court's placing her visits under the counselor's direction. It is conceded the mother was not the proper person to have custody of the child; for the same reasons the mother's temporary contacts with her child should be controlled. When

it was deemed to be in the child's best interest to deny any visitation privileges to the father we have affirmed the trial court's order completely denying visitation. *Crowell v. Crowell*, 184 Or 467, 198 P2d 992 (1948).

Affirmed.