152 · NEW YORK PRACTICE REPORTS:

People *ex rel.* Cook agt. Board of Metropolitan Police.

to be impaired, and consequently none which the courts are called upon to protect.

The judgment of the supreme court should be affirmed.

DAVIES and ROSEKRANS, JJ., concurred on both the grounds stated in the opinion. SELDEN and MARVIN, JJ., were for affirmance on the ground that the legislature did not conclude itself; the prohibition of the act is not a restraint of the legislative power.*

———◆◆———

## SUPREME COURT.

THE PEOPLE *ex rel.* STEPHEN L. COOK agt. THE BOARD OF METROPOLITAN POLICE.

The *relator* having been convicted, by the board of metropolitan police, of being *absent from duty* for a certain prescribed period, and at the time of such conviction the law made the offence punishable only in case of absence from duty *without leave:*

*Held,* that the return to the common law *certiorari* bringing up such conviction, not showing that the absence was *without leave,* the relator was convicted of *no offence.*

Besides, it was wholly inconsistent to find the relator guilty of neglect of duty for absence during the time the board had *unlawfully dismissed him from service.*

*New York General Term, December,* 1863.

SUTHERLAND, LEONARD and BARNARD, *Justices.*

APPEAL from judgment at special term (*reported* 25 *How. Pr. R.* 79). This is a common law *certiorari* to review the judgment of the board of police, deducting by fine the pay

---

* If this case goes to the supreme court of the United States, it would not be surprising, perhaps, under several decisions of that court, if it came to a different conclusion from this court—whether it would not consider the *whole franchise* to the Chenango Bridge Company *an entire and indivisible contract,* after its acceptance by that company; and the legislature having reserved in the franchise no right or power to alter, amend or repeal any portion of it, any subsequent interference by the legislature, to the detriment of the corporation, with *any part of the executed contract,* would not come within the prohibitory clause in the constitution. That is, whether the legislature had *impliedly* reserved their sovereign power as to one portion of the contract and not as to the other, so as to exercise it in that way at its election.—REP.

of the relator, as a member of the police force, from the 26th day of October, 1861, to the 8th day of January, 1863. It appeared by the return to the *certiorari*, that on the 19th day of January, 1863, the then superintendent of police, John A. Kennedy, preferred to the board charges against said Cook, of " neglect of duty," and specified, as the ground thereof, that said " Cook was absent from duty and from the station-house of the ninth precinct, from October 26, 1861, to the 8th day of January, 1863." It also appeared by the return, that the relator had been removed from the police force, by the judgment of the board, in the fall of 1861, just prior to the alleged absence; that the judgment of removal continued in force till just before the preferring of the present charge, when the order of removal was reversed by this court, and Cook returned to his prior position on the force.

A. J. VANDERPOEL, *for the board, appellants.*
WM. HENRY ARNOUX, *for the relator, respondent.*

By the court, BARNARD, Justice. ·The relator was charged with neglect of duty by reason of being absent from duty from October 26, 1861, to 8th January, 1863.

Of this charge he was convicted. The effect of this conviction is, that he was convicted simply of being absent from duty for the period mentioned.

This conviction was for a matter which at the time of its rendition constituted no offence.

As the rules stood at the time of this conviction, the conviction could only be for absence from duty without leave. The wording of the by-law clearly makes the offence to which the penalty is attached absence without leave. So far as the proof is concerned, it perhaps would be incumbent on the accused, after the prosecution had shown absence from duty, to show that he had leave, otherwise it would be presumed that he had not leave. However

this may be, it is absolutely necessary that the record should show a conviction for some offence punishable by the court which, or the magistrate who, convicts. The record in this case, for the reasons above stated, does not show any such conviction.

Conceding that, by the law as it stood prior to its amendment, absence with or without leave constituted an offence, to which a penalty was attached, yet that law having been amended so that absence with leave constituted no offence, no conviction could be had after such amendment for an absence with leave.

It is not necessary now to inquire as to how far a common law *certiorari* brings up the evidence, and as to how far the court will, on such *certiorari,* examine into the merits ; but it may be observed that, from the opinion of Judge EDMONDS in *Morewood* agt. *Hollister* (6 *N. Y.* 327), and the cases cited by him, it would seem that to a writ of *certiorari* in cases of summary conviction the whole evidence which applies to the charge must be set out, that the court may judge whether sufficient proof appears on the face of it to sustain every material allegation and to justify adjudication.

I feel constrained, however, to remark, that the judge at special term was not too strong in his language when he characterized the action of the board of police commissioners in this case as a proceeding which shocks one's sense of justice. I would merely amend his exclamation by saying that the proceeding is such as to shock every man's sense of justice, excepting only that of the men then composing the board.

LEONARD, J. It is wholly inconsistent to find an officer guilty of neglect of duty for absence during the time he was unlawfully dismissed from service. The officer was not guilty of any offence for being absent at such time. The judgment ought to be affirmed, with costs.