Argued February 2; reversed February 15, 1939

# OREGON LIQUOR CONTROL COMMISSION v. ANDERSON FOOD MARKETS, Inc.

(87 P. (2d) 206)

*John D. Williams* and *George A. Pipes,* both of Portland, for appellant.

*Austin F. Flegel, Jr.,* and *Philip A. Joss,* both of Portland (Reynolds, Flegel & Smith and George E. Birnie, all of Portland, on the brief), for respondent.

RAND, C. J. The Oregon Liquor Control Commission brought this action pursuant to chapter 46, Laws 1933, Second Special Session, generally referred to as the Liquor Control Act, to enforce payment of a tax on malt syrups alleged to have been imported into this state and sold by the defendant without the payment of a tax as required by said act. This act has since been amended by chapter 427, Laws 1935, and chapter 447, Laws 1937, but the questions involved here are not affected by either of said amendments. The title of the act as originally enacted is, in part, as follows:

"An Act imposing a privilege tax on the manufacture and distribution of certain alcoholic beverages, and malt syrups," etc.

Section 2 of the act provides as follows:

"A tax hereby is imposed upon the privilege of engaging in business as a manufacturer or as an importing distributor of alcoholic beverages at the rate of 62 cents per barrel of 31 gallons on all malt beverages containing not more than 4 per cent of alcoholic content by weight, and $1 per barrel of 31 gallons on all malt beverages of higher alcoholic content, and at the rate

of 10 cents for each 3-pound container or less on all malt syrups used for other than medicinal or commercial baking purposes, and at the rate of 25 cents per gallon on all alcoholic beverages as defined in section 1 of this act. The rates herein specified shall apply proportionately to quantities in containers of less capacity. The taxes imposed by this section shall be measured by the volume of alcoholic beverages sold after December 10, 1933, by any manufacturer as defined in section 1 of this act.''

The act contains no definition of the words "importing distributor", but, by subdivision (e) of section 1, the word "manufacturer" is defined as follows:

''The word 'manufacturer' means every person who, within the state of Oregon, produces, brews, ferments or manufactures an alcoholic beverage or malt or who, in the case of an alcoholic or malt beverage produced, brewed, fermented or manufactured outside the state of Oregon, is the first in possession thereof after the completion of the act of importation into the state.''

■ Malt syrups are neither an alcoholic nor a malt beverage but they contain ingredients which are used in making malt beverages, such as beer, ales and the like and, although not specifically mentioned in the statutory definition of a manufacturer, it is obvious from the express provision contained in section 2 and their inclusion in the title of the act, that the legislature intended that malt syrups, when manufactured within the state or imported from outside the state, should be subject to tax the same as alcoholic or malt beverages unless used for medicinal or commercial baking purposes.

It is alleged in the complaint that the defendant was engaged in the retail grocery business in the vicinity of Portland, Oregon, and that, between the dates mentioned in the complaint, "the defendant imported a quantity of malt syrups within the State of Oregon and

by reason thereof became indebted to the plaintiff for privilege taxes thereon, penalty and interest, as provided by the Oregon Liquor Revenue Act in the sum of $1,603.90, privilege taxes, and the further sum of $160.39, 10% penalty thereon, and the further sum of $439.62, interest thereon at the rate of 1% per month from the date when such privilege taxes became due until paid.''

There is no allegation in the complaint that the defendant was either a manufacturer or an importing distributor of the malt syrups upon which the tax is sought to be imposed. Nor was it alleged that these malt syrups were not used for medicinal or commercial baking purposes. Because the complaint failed to allege these facts, the defendant challenged the complaint by demurrer on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled and, the defendant having declined to plead further, a judgment was entered for the amount demanded in the complaint, from which the defendant has appealed.

In support of the demurrer, the defendant contends that there are only two classes of persons liable for the tax—manufacturers and importing distributors; that the tax is not on the commodity but is a tax against one or the other of those two classes for the privilege of manufacturing or selling the product, and that, since the complaint does not classify the defendant as being a manufacturer or an importing distributor of the syrup but as a retail grocer, the facts alleged are insufficient to bring the defendant within the operation of the statute and further that the complaint is insufficient because it does not allege that these syrups were not used for medicinal or commercial baking purposes.

It is clear, under the facts alleged in the complaint, that the defendant was not the manufacturer of these malt syrups, and that they were manufactured outside the state and imported into the state by the defendant.

The word "importing", as used in the statute, is to be given its customary meaning. In this connection it means the bringing of merchandise into the state from some point outside the state, as opposed to the exporting of merchandise from the state. Hence, whether the defendant be classified as a manufacturer or as an importing distributor or merely as a grocerman who imported these malt syrups into the state for the purpose of sale, he is subject to the payment of a tax under the express provisions of the statute unless the syrups, after being brought into the state, were used for one of the purposes coming within the exception of the statute. Had the statute defined an importing distributor as it did a manufacturer, the act would have had to be construed and applied accordingly and a meaning given to the words in harmony with the defining provisions, but here, the statute being silent as to what shall constitute an importing distributor, the act interprets itself and makes such person liable for the tax unless coming within the exception mentioned in the statute. In this respect the statute is special and controls other provisions general in their nature, under the principle that, where positive provisions of a statute are in variance with the definitions which it contains, the latter must be considered as modified by the clear intent of the former on the principle that the special control the general. See Lewis' Suth. Stat. Const., (2d Ed.), sec. 360, p. 687.

The complaint describes the defendant as a retail grocer and alleges that it imported these malt syrups into the state and has paid no tax thereon. Under those

facts, unless the syrups were used for one of the excepted purposes, the defendant is liable to the payment of a tax.

For the reasons which will now be stated, this cause will have to be remanded to the court below for a new trial. For that reason, we have pointed out the construction which we think should be placed upon this statute when the cause is tried in the court below.

■■ In the enacting clause of the statute, it expressly provides that a tax shall be imposed upon the privilege of engaging in the business of a manufacturer or importing distributor of malt syrups used for other than medicinal or commercial baking purposes. But when used for either of said purposes, the manufacturer or importing distributor is not subject to tax. Hence, plaintiff's cause of action was limited by the statute to only such malt syrups as were not used for either of said purposes and this limitation was not in the form of a proviso but was an exception upon the power to tax. The complaint fails to allege that the malt syrups upon which the tax was sought to be imposed were not used for either of said excepted purposes. For this reason, the demurrer should have been sustained. In Phillips' Code Pleading, (2d Ed.), sec. 295, the author states the rule upon this question as follows:

"In actions under favor of a statute containing an exception, as distinguished from a proviso, the complaint should show affirmatively that the case does not fall within the exception. A proviso, on the other hand, is matter of defense, and need not be negatived in the complaint. Exceptions and provisos are alike in this, that they both exempt something from the operation of the statute; they differ in this, that an exemption exempts absolutely from the operation of the statute, while a proviso generally defeats the operation of the statute conditionally.   *   *   *

"The requirement that an exception must be negatived, though technical, is not arbitrary, and rests upon sound principle. An exception is an exemption so incorporated with the enacting clause as to enter into its identity, and the one can not be stated without the other; in other words, the adverse party can not be shown to be within the statute unless it appears also that he is not within the exception."

In Bliss on Code Pleading, (3d Ed.), section 202, note, the author states the general rule as follows:

"If there be an exception contained in the clause of the statute which defines the cause of action, or, as it is more commonly called, the 'enacting clause,' the petition or complaint must show negatively that the cause of action does not come within the exception; but if the exception or proviso be in a subsequent clause or statute, or, it may be, in the same section, yet if it be not incorporated with the enacting clause, either directly or indirectly, by words to that effect, then it is matter of defense, and need not be negatived in the petition. U. S. v. Cook, 17 Wall. 168; Steel v. Smith, 1 Barn. & Ald. 99. This is the common-law rule as well. See Steph. Pl. (Heard) 443; Shipm. Pl. p. 33."

The author states the test as follows:

"The test whether an exception must be alleged or not is, is it necessary to be alleged to constitute a cause of action? If so, then it must be alleged, no matter in what part of the statute it occurs, and may be in subsequent sections. Baptist Church v. Utica, etc., Ry. Co., 6 Barb. 313; People v. Board of Police, 40 Barb. 626; Toledo, etc. Ry. Co. v. Pence, 68 Ill. 524. There is a technical distinction between a proviso and an exception. An exception is to exclude that which would naturally be included by the general terms of the statute. As an example, we have the statutory provision, as found in some of the states: 'No person shall travel on the Lord's Day, except from necessity or charity.' Steel v. Smith, 1 Barn. & Ald. 94. 'A proviso, generally,

is to except something from the enacting clause, or to restrain its generality, or to exclude some possible ground of misinterpretation.' Minis v. U. S. 15 Pet. 445. It has been said that an exception in a statute must be negatived in pleading, while a proviso need not; and this is on the ground that an exemption by proviso is matter of defense. Harris v. White, 81 N. Y. 532; Spieres v. Parker, 1 Term R. 141.''

Under the rule as stated above, the complaint, in order to state a cause of action, must allege, and the plaintiff must prove upon the trial, that the syrups were not used for medicinal or commercial baking purposes. The complaint also should state with more particularity the dates and amounts upon which the interest was charged and the penalties accrued.

The judgment will, therefore, be reversed and the cause be remanded for such further proceedings as are not inconsistent herewith.

BELT, BAILEY and LUSK, JJ., concur.