Middleton, J.
Section 6486, General Code, provides for notice to the owner that removal of an obstruction is necessary, for the filing of claims for damages, for hearing thereon by the commissioners and for appeal to the court from the decision of the commissioners with respect to the claim. With respect to the court hearing, the section then provides:
“* * * at such hearings the prosecuting attorney shall represent the county; provided, however, that if the alteration by change of width or depth of waterway, through a bridge or culvert, or of elevation of a bridge or culvert, is necessary because the owner in its original construction obstructed or partly obstructed or unduly contracted the natural or normal channel of a public watercourse, then such part of the expense of the alteration as is made necessary by such obstruction or contraction shall not be deemed to be damage to property or paid for as such. ’ ’
Both the trial court and a majority of the Court of Appeals held that under the above-quoted portion of Section 6486 the burden was upon the claimant railroad company to prove that the original construction of the culvert was such that it did not obstruct or unduly contract the natural or normal channel of the ditch. The railroad‘company, relying upon a different construction of the statute in question, considered it incumbent upon the commissioners to establish such obstruction of the original watercourse as a defense to the claim and, therefore, did not introduce any evidence *450 on that subject. As a result, both lower courts held that the railroad company had not established its right to any damages. With the conclusion so reached by the trial court and by a majority of the Court of Appeals this court does not agree. On the contrary, we agree with the reasoning of the able dissenting opinion of the one Court of Appeals judge.
On behalf of the county commissioners considerable reliance is placed upon the language of Section 6472, General Code, which provides that, “on appeal, the burden of proof shall be on the owner having the affirmative of the proposition, who shall have the opening and closing, ” and upon Section 6474, General Code, which with respect to trials on appeal for claims for damages provides:
“* * * The claimant for compensation or damages shall have the affirmative, and shall have the opening and closing of the trial. The case shall proceed pursuant to the law and the rules governing civil procedure # S» * >?
It is to be conceded that the claimant railroad company had the affirmative to establish its right to damages and the extent of the damages, and it is consistent with ordinary trial procedure that the claimant should have the opening and closing. It is our opinion, however, that these sections do not change the well established rules of practice that one who asserts a defense has the burden of establishing that defense. The above quotations from the Code are, therefore, not helpful in construing the portion of Section 6486 here under consideration.
It is also urged on behalf of the county commissioners that there is a procedural principle applicable in this instance, which principle is:
“Where a particular fact necessary to be proved rests peculiarly within the knowledge of one of the parties, upon him rests the burden of proof.”
*451 It is sufficient to say that this “procedural principle” even if conceded can not be applied where it would be clearly inconsistent with the statute in question reasonably construed. Furthermore, the evidence clearly establishes that neither the railroad company nor the county has any records of the grade or size of the Schnell ditch as of the time the railroad was constructed or at any time earlier than 1927. If any speculation were to be indulged, it would be reasonable to assume that those whose property was benefited by this ditch during the long period of its existence would have more knowledge with respect to it than would be had by the railroad company.
It was further suggested in argument that the established depth of the ditch now being approximately one foot lower than the culvert raises an inference that the culvert was an obstruction to the extent of approximately one foot in depth from the time of its construction some 70 years ago. That argument is not in the least persuasive and it would lead to the obviously absurd conclusion that the railroad company deliberately installed a culvert approximately a foot above the bottom of the ditch which it was designed to drain, whereas, the object of the railroad company would have been to conduct the water across its right of way and avoid accumulation with resultant damage to its roadbed.
There was no evidence as to the size or capacity of the original ditch or as to the “run off” which it was required to accommodate. The only evidence as to the amount of water to be drained was the testimony of one of the county’s witnesses, who had been either county engineer or assistant engineer for many years. He testified:
“Well, run-off over certain time of the year has increased, I think,” and
“Well, I am not a soil expert. I haven’t set myself *452 up to be, but I should say the run-off is somewhat greater than it used to be. ’’
It would also seem logical to conclude there would have been some complaint, and effort would have been made to compel removal of such obstruction if it existed during the long period of years between the construction of the railroad and the year 1927. The evidence discloses no such complaints and in fact no serious effort to require a change in the culvert at any time prior to the initiation of the present proceedings. In this connection it is significant to note that at all times since 1847 statutes have existed in Ohio designed to prevent obstruction of watercourses and providing for compulsory removal thereof and payment of damages.
The provision contained in the latter portion of Section 6486, General Code, now under consideration,, first appeared in slightly different form in the act of July 11, 1919 (108 Ohio Laws, pt. 1, 926, 941). The exact language of present Section 6486 was included in the general revision of the ditch laws embodied in the act of April 17, 1923, contained in 110 Ohio Laws, 161, 186.
Much has been said in argument with respect to the meaning and significance of “exceptions” and “provisos” in statutes. A comprehensive treatment of these terms appears in the annotation in 130 A. L. R., 440. From a study of the cases there cited and other pertinent authorities it may be concluded that if a statutory provision constitutes a true “exception” the party claiming the benefit of the statute must allege and prove compliance with the statutory condition, that is, its exemption from the exception, as a prerequisite to recovery; but if the language is in the form of a “proviso” the matters to be established thereunder are defensive in character and must be proven by the opponents of the claim. Great Western Bd. Co. v. Bacon (1863), 30 Ill., 347, 83 Am. Dec., 199; Toledo, *453 Peoria & Warsaw Ry. Co. v. Pence (1873), 68 Ill., 524; Harris v. White (1880), 81 N. Y., 532; Rowell v. Janvrin (1896), 151 N. Y., 60, 45 N. E., 398; Oregon Liquor Control Commission v. Anderson Food Markets, Inc. (1939), 160 Ore., 646, 87 P. (2d), 206; Schlemmer v. Buffalo, Rochester & Pittsburgh Ry. Co. (1906), 205 U. S., 1, 10, 51 L. Ed., 681, 27 S. Ct., 407; Javierre v. Central Altagracia (1910), 217 U. S., 502, 54 L. Ed., 859, 30 S. Ct., 598; Federal Trade Commission v. Morton Salt Co. (1948), 334 U. S., 37, 44, 92 L. Ed., 1196, 68 S. Ct., 822; 41 American Jurisprudence, 355, Section 94.
If money damages are in issue the matters required to be shown under the proviso would have the effect of mitigation of the damages recoverable.
It is conceded that the true character of a modifying clause is not determined by the mere use of the word, “excepting” or “provided.” Those words are often used without intention to adopt their technical meaning. In each case the problem is to determine the true meaning of the clause.
It is the opinion of this court that Section 6486 was intended to give the owner (in this case the railroad company) the right to plead and prove the damage suffered and to recover the amount so proved without proving exemption from the terms of the modifying clause introduced by the word, “provided.” What follows in that clause we consider a “proviso” and, therefore, defensive in character. The terms of that clause are for the benefit of the county, designed to enable the county to reduce or mitigate the damages. The burden is, therefore, upon the county to present evidence of facts which will give the county the right to such reduction or mitigation.
The trial court erred in its construction and application of this clause. Consequently, the court did not undertake to weigh such evidence as was presented *454 which might reduce the damages claimed, but denied the claim in its entirety.
The judgment is reversed and the cause remanded for further proceedings consistent herewith.

Judgment reversed.

Zimmerman, Stewart, Taet, Matthias and Hart, JJ., concur.