Argued March 3, affirmed March 18, 1964

## STATE FORESTER *v.* OBRIST
### 390 P. 2d 333

*Thomas C. Stacer,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General and Clarence R. Kruger, Assistant Attorney General, Salem.

*Roger L. Dick,* The Dalles, argued the cause for respondent. On the brief were Dick & Dick.

Before McALLISTER, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

## O'CONNELL, J.

Plaintiff brings this statutory action to recover the cost of controlling and extinguishing a forest fire. Plaintiff appeals from a judgment entered on an order sustaining a demurrer to plaintiff's complaint on the ground that the complaint failed to allege facts sufficient to constitute a cause of action.

The complaint alleged that in the operation of an engine defendant set fire to inflammable grass, stubble and debris and that the fire spread uncontrolled to forest land where it continued to burn until extin-

guished by plaintiff. It is alleged that "the defendant accidently or carelessly and negligently originated said fire and permitted and allowed the fire to be communicated to and burn uncontrolled on forest land; that defendant failed and neglected to exert every possible effort to fight and extinguish said fire," and that as a result of plaintiff's efforts defendant became indebted to plaintiff in the amount of $1,731.40 which was the cost of controlling and extinguishing the fire.

The demurrer to the complaint was sustained on the ground that defendant was not a member of the class of persons made liable by statute for the cost of controlling and extinguishing a forest fire originating under the circumstances of this case. ORS 477.066 provides as follows:

> "The owner, easement holder, operator[1] and person in possession of forest land on which a fire exists, or from which it may have spread, or any of them, notwithstanding the origin or subsequent spread thereof on his own or other land, shall make every reasonable effort to control and extinguish such fire immediately when its existence comes to his knowledge, without awaiting instructions from the forester, warden or ranger and shall continue until the fire is extinguished. If the owner, easement holder, operator, or person in possession fails so to do, or if the fire is burning uncontrolled, the forester, or any forest protective agency under contract with the State Board of Forestry for the protection of forest land against fire,

---

[1] An operator is one who carries on an operation as defined in ORS 477.001 (11) as follows: " 'Operation' means any industrial activity or any development on forest land, or within one-eighth of one mile of forest land, including but not limited to the clearing of land or rights of way, logging or sawmilling, excluding, however, the culture and harvesting of agricultural crops."

and within whose protection area the fire exists, shall summarily abate the nuisance thus constituted by controlling and extinguishing the fire.''

Liability for the cost of abating a forest fire upon breach of the duty described in ORS 477.066 is set out in ORS 477.068.

"(1) In case such owner, easement holder, operator and person in possession, or any of them, shall fail to make the effort required by ORS 477.066, or where such owner, easement holder, operator or person in possession is wilful, malicious or negligent in the origin of the fire, the actual cost of controlling or extinguishing the fire shall be recovered from such owner, easement holder, operator or person in possession when necessary by an action prosecuted in the name of the State of Oregon or such forest protective agency or both.

"(2) An itemized statement of the actual costs incurred by the forester or agency, or both, certified to by the forester, shall be accepted as prima facie evidence of such costs in any suit or action authorized by this section.

"(3) The cost in cases covered by ORS 477.066 shall constitute a general lien upon the real and personal property of such owner, easement holder, operator or person in possession. A written statement and notice of the lien, containing a description of the property and a statement of the cost, shall be certified under oath by the forester or any warden and filed in the office of the county clerk of the county in which the lands and personal property are situated within six months after extinguishment of the fire, and may be foreclosed by suit in the manner provided by law for foreclosure of liens, for labor and material. The lien provided for in this section shall be inferior to any existing lien.

"(4) Upon request of the forester, the district attorney for the district in which the lands and

personal property are situated or the Attorney General shall prosecute such action or foreclose the lien in the name of the State of Oregon or such forest protective agency or both. Liens provided for in this section shall cease to exist unless suit for foreclosure is instituted within six months from the date of filing the same."

■■ The complaint contains no allegation or facts supporting a theory that defendant is an owner, easement holder, operator or person in possession and that as such he is liable under ORS 477.068. When a cause of action rests upon a statutory duty imposed upon a class of persons the complaint must contain facts bringing the defendant within the statutory class.[2]

However, plaintiff contends that the complaint is sufficient to support recovery for fire-fighting costs under ORS 477.310. That section provides as follows:

"In addition to the penalties provided in ORS 164.050 to 164.070, 166.330, subsection (4) of ORS 476.990 for violation of ORS 476.715, subsections (1) to (5) of ORS 477.993 and subsection (4) of ORS 761.990, the United States, state, county or private owners whose property is injured or destroyed by fires in violation of ORS 164.050 to 164.070, 166.330, 476.715, 477.004, 477.006, 477.010, 477.012, 477.014, 477.062 to 477.068, 477.070, 477.071, 477.152, 477.154, 477.165, 477.182, 477.184, 477.187, 477.188, 477.212 to 477.218, 477.242 to 477.248, 477.304, 477.306, 477.312, 526.010, 526.020 or 761.420 may recover in a civil action double the amount of damages suffered if the fires occurred through wilfulness, malice or negligence. Persons causing fires by violation of any of the provisions of the sections enumerated in this section shall be liable in action for debt to the full amount of all expenses incurred in fighting such fires."

[2] Fields v. Fields, 213 Or 522, 307 P2d 528, 326 P2d 451 (1958); State et al v. Young, 180 Or 187, 174 P2d 189 (1947).

Plaintiff framed its complaint upon the theory that defendant violated ORS 164.060 and 164.070 and that, therefore, ORS 477.310 permits recovery of fire suppression costs.[8]

If plaintiff's construction of ORS 477.310 is accepted then *anyone* who sets a fire or fails to extinguish it under the circumstances described in ORS 164.060 or ORS 164.070 is liable to the state of Oregon for fire suppression costs incurred by it. Under this

---

[8] ORS 164.060 provides:

"Any one who accidentally sets fire to any forest, woods, timber, brush, slashing, cutover land or clearing, or any place from which fire may be communicated thereto, and fails to extinguish the same or use every possible effort so to do, or who builds any fire for lawful purposes or otherwise in or near a forest, woods, timber, brush, slashing, cutover land or clearing, and through carelessness or neglect permits the fire to burn into or through it, shall be punished upon conviction by a fine not exceeding $100, or by imprisonment in the county jail not exceeding one year, or both."

ORS 164.070 provides:

"The following persons shall be punished by a fine of not less than $25 nor more than $500, or by imprisonment in the county jail for not less than 10 days nor more than 90 days, unless the act in question was the setting of a backfire under the direction of the forester or a warden or ranger, as defined in ORS 526.005, to prevent the progress of a fire then burning:

"(1) Anyone who unlawfully sets on fire, or causes to be set on fire, any forest land, as defined in ORS 526.005, grass, grain, stubble or other material being or growing on any lands within the state.

"(2) Anyone who wilfully or negligently allows fire to escape from his own land, or land of which he is in possession or control.

"(3) Anyone who accidentally sets any fire on his own land or the land of another and allows it to escape from his control without extinguishing it, or using every possible effort so to do.

"(4) Anyone who, having knowledge of a fire burning on his own lands, or lands of which he is in possession or control, fails or neglects to make every possible effort to extinguish the same, regardless of whether or not he is responsible for the starting or existence thereof."

construction there would be no need for ORS 477.066 and 477.068 or any other section specifically providing for the recovery of such costs against a designated class of persons.[4] And yet the legislature has in recent sessions treated ORS 477.066 and 477.068 as viable sections requiring amendment.[5] There would have been no reason for making these amendments if ORS 477.310 was intended to have this broad effect. It will be noted that this section provides for two distinct types of recovery: (1) damages to property as a result of fires in violation of the enumerated statutes, and (2) the expense incurred in fighting such fires. Recovery under (1) is limited to those "whose property is injured or destroyed."

The statute then shifts from a statement of *who may recover* for damages to property to a statement of *who is liable* for the expenses of fighting fires which cause such damage. If the last sentence of the statute is read without relation to the rest of the statute, the liability for the expense incurred in fighting fires would extend to *all* persons and so construed ORS

[4] ORS 477.101 for instance also provides for recovery of forest fire fighting costs by the state.

[5] ORS 477.066 was amended in 1961 to add easement holders in possession of forest land to the class of persons required to control or extinguish fires on their forest lands. Oregon Laws 1961, ch 603, § 7.

ORS 477.068 was amended in 1955 to impose liability where the designated persons were wilful, malicious or negligent in the origin of fire (Oregon Laws 1955, ch 218, § 1). In 1959 the section was amended to provide that an itemized statement of actual costs certified by the forester would be prima facie evidence of such costs in a suit authorized by the section. The limitation on the lien for costs was also removed. (Oregon Laws 1959, ch 363, § 6). In 1961 easement holders were included in the class of those liable for costs of controlling or extinguishing forest fires occurring on their land. (Oregon Laws 1961, ch 603, § 8.)

477.310 would make ORS 477.066 and 477.068 unnecessary. However, if the last sentence of ORS 477.310 is read with the rest of the section, it would be reasonable to construe the statute to mean that those whose property has been damaged can recover not only for such loss but also for the expense of fighting the fire causing the loss. So construed ORS 477.310 is harmonious with the other sections such as ORS 477.066 and 477.068 relating to the recovery of expenses for fire suppression by the state where ownership of the property is not involved.

We hold that ORS 477.310 was intended to be so construed. The complaint did not bring plaintiff within the class of persons who were entitled to recover under ORS 477.310 and, as we have already indicated, the complaint did not bring defendant within the class of persons who are liable under ORS 477.066. Therefore the demurrer was properly sustained and the judgment must be affirmed.

Judgment affirmed.