BLACKLEDGE,
*Appellant,*
*v.*
HARRINGTON et al
*Respondents,*

(TC 38-388,   CA 15518,   SC 27682)
634 P2d 243

Larry A. Brisbee, Hillsboro, argued the cause and filed the petition. On the brief were William H. Stockton and Schwenn, Bradley, Batchelor & Brisbee, Hillsboro.

Peter R. Chamberlain, Portland, argued the cause for respondents. With him on the brief was Bodyfelt, Mount & Stroup, Portland.

Before Denecke, Chief Justice, and Tongue, Lent,* * Linde and Tanzer, Justices.

TANZER, J.

---

* * Lent, J., did not participate in this decision.

## TANZER, J.

The issue is whether there is a cause of action for contribution under ORS 18.440(1) against a party who has been adjudicated not liable in tort to the original plaintiff in a separate lawsuit.

Plaintiff Blackledge was allegedly injured when she fell down a flight of stairs at Nendel's Inn. Defendant Decker's dog was on the premises and allegedly startled plaintiff, causing her to fall. Plaintiff brought two actions for damages, this case against the Harringtons (doing business as Nendel's Inn) and another case against Decker. In this case, the Harringtons joined Decker as a third party defendant, seeking contribution.

In the other case, Blackledge v. Decker, Decker was granted summary judgment against Blackledge. Blackledge did not appeal this judgment, and it is final as to them. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

Thereafter, in this case, the Harringtons moved for summary judgment against plaintiff. Also, third party defendant Decker moved for summary judgment against the Harringtons. The trial court granted both motions. It stated that its disposition of plaintiff's claim against the Harringtons also disposed of the contribution claim, and that it would have granted Decker's motion in any event because contribution was not allowed by ORS 18.440(1), *ante.* Because Decker had a judgment of nonliability against plaintiff, the court concluded that Decker was not liable in tort to the claimant and was therefore not a person against whom the Harringtons had a right of contribution.

Plaintiff appealed the summary judgment for the Harringtons. The Harringtons cross-appealed the summary judgment for Decker on the contribution claim.[1] The Court of Appeals reversed the Harringtons' summary judgment. It also reversed Decker's summary judgment on the contribution claim. Decker petitioned this court to review the decision regarding contribution. We granted review to

---

[1] The Harringtons also raised the striking of their indemnity claim against Decker but they have not reasserted the issue on review.

clarify the application of ORS 18.440(1), where plaintiff proceeds individually against multiple defendants. We reverse.

■ There is no common law right of contribution among joint tortfeasors. *Graves v. Shippey*, 215 Or 616, 618, 337 P2d 347 (1959); *Fidelity & Cas. Co. of N.Y. v. Chapman*, 167 Or 661, 664, 120 P2d 223 (1941). That right was established and is governed by ORS 18.430 to 18.450. Of particular application to this case is ORS 18.440(1), which provides:

> "Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. *There is no right of contribution from a person who is not liable in tort to the claimant.*" (Our emphasis.)

■ The statute sets up the existence of liability to the claimant as a factual prerequisite for a claim of contribution. *See City of Portland v. Alhadeff*, 288 Or 271, 274, 604 P2d 1261 (1980). As a fact issue, it is subject to proof and controversion. If a contribution plaintiff alleges facts from which liability could be found, he has made out a case. If the contribution defendant establishes facts which negate liability, and those facts are not controverted, then he prevails on that issue of fact. That is what happened here.

■ The Harringtons alleged facts upon which liability of Decker to plaintiff could be found. Decker, however, established without contradiction that there is no liability of Decker to plaintiff by alleging the existence of a judgment for Decker against plaintiff arising from the facts alleged by the Harringtons. Paraphrasing *Alhadeff*, Decker can be liable to the Harringtons only if Decker would have been liable to plaintiff had she brought an action against Decker. 288 Or at 274. Here, Decker has established conclusively that if plaintiff brings an action against him he has a complete defense, res judicata, and therefore cannot be held liable. He therefore prevails in this case because, as a matter of fact, there is no liability to plaintiff.

The Harringtons argue that this construction of the statute denies them the opportunity to litigate Decker's negligence and hence his liability in contribution to them.[2] That is not quite correct. The factual issue which the Harringtons must litigate is liability. Proof of negligence is a means by which they may attempt to prove liability, but it may become immaterial if, as here, the putative contributor establishes facts which negate liability regardless of negligence. The Harringtons also argue that ORS 18.440 forces them to suffer the consequences of plaintiff's choice to proceed individually against each defendant. We conclude, however, that those consequences flow from the statute.[3]

The Court of Appeals analyzed this case as if it were governed by the common law doctrine of collateral estoppel. It apparently reasoned that the only way to find Decker "not liable in tort to the claimant" was to collaterally estop those seeking to litigate a contribution claim against him. It held that since the Harringtons were not a party, or in privity with a party, to the original action between plaintiff and Decker, they could not be collaterally estopped on the basis of that suit. Absent the statute, this might be a correct application of collateral estoppel

---

[2] Although the Harringtons view this as an unfair result, they made no constitutional attack on this application of ORS 18.440(1) in the trial court or in brief on appeal. Hence, we do not reach any potential constitutional challenge.

[3] Decker suggests that we might follow the lead of the Minnesota Supreme Court which devised a remedy to correct any inequity where plaintiff proceeds individually against multiple defendants in a case similar to this. *Hart v. Cessna Aircraft Co.,* 276 NW2d 166 (Minn 1979). Minnesota has no contribution statute, but recognizes a common law equitable right of contribution which requires common liability to the claimant. The Minnesota court concluded, as we do, that a valid judicial determination that a defendant is not liable to the plaintiff negates common liability, even if the party seeking contribution was not a party to the original action. It decided that plaintiff, who controls its lawsuit, should also bear any risk involved in the choice to sue multiple defendants individually. In order to allocate that risk to plaintiff, the court allowed the second defendant to call the first defendant as a witness for the purpose of proving the first defendant's negligence. The second defendant would be liable only for the negligence attributable to it. The plaintiff bears the risk that, if the second trier of fact attributes some degree of negligence to the first defendant, the plaintiff cannot recover on that portion from either defendant.

The Minnesota court dealt with an equitable cause of action and fashioned a remedy to reach an equitable result. In contrast, we deal with a cause of action created and defined by statute. We are not free to amend the rules of evidence or procedure to alter that definition.

doctrine, *see, e.g., Jones v. Flannigan,* 270 Or 121, 124, 526 P2d 543 (1974), but collateral estoppel does not govern cases under ORS 18.440(1). When the legislature created a cause of action for contribution, it specified in the statute the facts which must be established to support a claim of contribution. Decker, by establishing the prior judgment, has conclusively negated an essential fact. He has established conclusively by judicial determination that he is "not liable in tort to the claimant," and therefore cannot be liable for contribution under ORS 18.440(1).

The judgment of the Court of Appeals is reversed.