Argued and submitted April 2, reversed, judgment of circuit court reinstated
August 27, 1985

# SCOVELL,
*Plaintiff,*

*v.*

# TRK TRANS, INC. et al,
*Defendants,*
*and*

# TRK TRANS, INC.,
*Respondent on Review,*

*v.*

# OREGON TRANSPORTATION COMMISSION, HIGHWAY DIVISION,
*Petitioner on Review.*

(TC 16-80-06182; CA A29387; SC S31473)

705 P2d 1144

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

Richard A. Roseta, Eugene, argued the cause for respondent on review.

LINDE, J.

Peterson, C. J., filed a concurring opinion.

Lent, J. filed a specially concurring opinion.

## LINDE, J.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated. *Beaver v. Pelett,* 299 Or 664, 705 P2d 1149 (1985).

### PETERSON, C. J., concurring.

I concur in the result, because I agree with Justice Lent that the failure to plead extinguishment as required by ORS 18.440(3) supports the trial court dismissal. *See,* however, my dissenting opinion in *Beaver v. Pelett,* 299 Or 664, 705 P2d 1149 (1985).

Roberts and Jones, JJ., join in this concurring opinion.

### LENT, J., specially concurring.

By adoption of the reasoning in *Beaver v. Pelett,* 299 Or 664, 705 P2d 1149 (1985), the majority holds that the state may be liable for contribution under ORS 18.440(1) but that the fourth amended third party complaint filed by defendant TRK fails to state ultimate facts sufficient to constitute a claim. I disagree with the first holding and agree with the second. I would reach the same result, however, on a different basis.

I do not agree with the majority that the state has consented to be sued in contribution. I agree with the state that a claim for contribution is not a tort claim and that the state has never consented to waive its immunity under Article IV, section 24, of the Oregon Constitution for a claim of this kind. I shall not develop that position in this case, however, because I conclude that the third party plaintiff has not stated ultimate facts sufficient to constitute a claim for contribution even if it be assumed, *arguendo,* that the state has consented to be sued for contribution.

As to the second holding by the majority that the fourth amended third party complaint is deficient for failure to allege that the state received timely notice from the person who claimed to have suffered loss or injury, I agree, but I conclude that there is another more compelling reason to hold that the fourth amended third party complaint is vulnerable to attack under ORCP 21A.(8).

ORS 18.440(3) provides:

"A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what is reasonable."

There is no allegation in the fourth amended third party complaint that the liability of the third party defendant, State of Oregon, was extinguished by the settlement.

The state moved to dismiss the fourth amended third party complaint "for failure to state ultimate facts sufficient to constitute a claim."[1] The motion itself contains no specific claim as to what ultimate facts are not stated.[2] The motion appears to have been argued orally, and the trial court allowed the motion. Thereafter the state moved for judgment for failure of the third party plaintiff to plead over, and the trial court gave judgment dismissing the action with prejudice.

On appeal to the Court of Appeals, the state squarely and specifically raised the failure to plead that its liability to plaintiff Scovell had been extinguished by the settlement. In this court the state has continued in argument to assert that position.

The Court of Appeals disposed of that contention as follows:

"As a matter of law, however, by the time of the settlement, the state had no liability to Scovell that could have been extinguished, because his claim was barred by ORS 30.275. Thus the allegation was not essential here to state a claim for *contribution*."

71 Or App at 193. I do not understand that holding. Whether the Court of Appeals believed that Scovell's claim was barred for his failure to give timely notice or was barred by the two-

---

[1] ORCP 21A. provides:

"[T]he following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim. * * *"

[2] The motion states that it is based more fully on the "Memorandum of Law submitted herewith." I find no memorandum with that motion in the trial court file; therefore, I have no idea what specifics may have been set forth if a memorandum was indeed submitted to the court.

year limitation found in former ORS 30.275(3), the third party complaint contained no allegation to establish that the claim was barred. Moreover, the decision attempts to carry water on both shoulders, for if Scovell's claim had been barred by former ORS 30.275, the state "is not liable in tort to" Scovell under ORS 18.440(1).

The simple fact of the matter is that there is no allegation that Scovell's claim against the state was extinguished by the settlement. The true question is whether such an allegation was necessary to state a claim.

ORCP 18 provides:

"A pleading which asserts a * * * third party claim, shall contain:

"A.   A plain and concise statement of the ultimate facts constituting a claim for relief without unnecessary repetition."

We noted in *Davis v. Tyee Industries, Inc.,* 295 Or 467, 476, 668 P2d 1186 (1983), that ORCP 18 A. continued Oregon as a "fact pleading" rather than a "notice pleading" jurisdiction. We held that "whatever the theory of recovery, facts must be alleged which, if proved, will establish the right to recover." 295 Or at 479.

Prior to the adoption of ORCP 18A., the statute, ORS 16.210(2), provided:

"The complaint shall contain:

"* * * * *

"(b)   A plain and concise statement of the facts constituting the cause of action, without unnecessary repetition.

"* * * * *"

Under that statute this court has repeatedly stated that complaints claiming a statutory cause must set forth facts which demonstrate a right to recover under the statute. *State Forester v. Obrist,* 237 Or 63, 67, 390 P2d 333 (1964) ("When a cause of action rests upon a statutory duty imposed upon a class of persons the complaint must contain facts which bring the defendant within the statutory class."); *Fields v. Fields,* 213 Or 522, 541, 307 P2d 528, 326 P2d 451 (1958) ("must allege facts which will bring the case within the terms of the statute"); *State et al. v. Young,* 180 Or 187, 193, 174 P2d

189 (1947) ("it is indispensable that he plead facts demonstrating his right to recover under the statute"). *See also Nichols v. Union Pacific R.R. Co.,* 196 Or 488, 503, 250 P2d 379 (1952) (must also plead facts when statute is the basis of a defense). In other words this court has consistently held that the court should dismiss whenever there exists at least one essential element of the statutory cause, proof of which the facts stated in the complaint cannot establish. Dismissal must be proper if the complaint fails to allege facts showing the defendant to be within those covered by the statute. *State Forester v. Obrist, supra,* 237 Or at 65, 67 (statute allowed forester to recover firefighting costs only from the "owner, easement holder, operator, and person in possession" of land from which fire spread, and forester failed to allege that defendant was any of these); *State v. Young, supra,* 180 Or at 192-93 (statute allowed state to bring dependent child petition against "parents, guardians, or other persons in whose care" children were, but state failed to allege that defendants were any of these).

Any right TRK has to relief was established by and is limited by the contribution statute, prior to which Oregon recognized no common law right to contribution among tortfeasors. *Blackledge v. Harrington,* 291 Or 691, 694, 634 P2d 243 (1981). *See also Cross et ux. v. Harris,* 230 Or 398, 403, 370 P2d 703 (1962) (where liability is "only statutory in origin," legislature may attach any conditions which it deems proper on the right to recover); *Loe v. Lenhard,* 227 Or 242, 256, 362 P2d 312 (1961) (where right to sue is "a creation of the legislature," it is "clearly subject to legislative restrictions"). The contribution statute creates a remedy "unknown to the common law," and TRK must "bring [itself] strictly within the operation of the statute." *Loe v. Lenhard, supra,* 227 Or at 257.

The plain language and structure of the statute indicate that extinguishment of the defendant's liability is a necessary element of the statutory right. ORS 18.440 expressly defines and limits the right to situations in which its exceptions do not apply:

"(1) *Except as otherwise provided in this section,* where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them

even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

"* * * * *" (Emphasis added.)

By the clear text of ORS 18.440(3), a plaintiff claiming the right to contribution based on a settlement has no entitlement unless the defendant's liability is extinguished.

The court's earlier cases have distinguished between "exemptions," the non-existence of which the plaintiff must plead, and "provisos," which the defendant must plead in the answer. *See, e.g., Oregon Liquor Com. v. Coe,* 163 Or 646, 99 P2d 29 (1940); *Oregon Liquor Com. v. Anderson Markets,* 160 Or 646, 87 P2d 206 (1939). Citing treatises on code pleading, these opinions devoted much discussion to whether the omitted fact was incorporated in the "enacting clause" of the statute — in which case it was an "exemption" — or elsewhere — which made it a "proviso." *See Oregon Liquor Com. v. Anderson Markets, supra,* 160 Or at 651-53. But ultimately the inquiry is simply whether the matter in question is "necessary to be alleged to constitute a cause of action." *Id.* at 652, quoting Bliss on Code Pleading § 202 (3d ed).

Where, for example, a statute imposed a tax on malt syrups other than those used for medicine or commercial baking, it was proper to dismiss the state's action to collect the tax when the state failed to allege that the defendant's syrups were not in the excepted categories. *Oregon Liquor Com. v. Anderson Markets, supra,* 160 Or at 653. But in *Oregon Liquor Com. v. Coe, supra,* the court held under the same statute that since the defendant's product was beer and not within the above exceptions, the state was not required to plead such matters as that the beer was manufactured outside of Oregon and that it was not interstate commerce; this was "defensive matter" which the defendant should plead. 163 Or at 652-53. Similarly, where a plaintiff relied upon a statute requiring drivers to drive on the right side of the road to establish negligence per se, he was not required to plead that the exception "when the right half is out of repair and * * * impassible" did not apply, or that he was "in compliance with legal requirements and with the duty * * * to exercise due care," even though both of these provisions appeared in the statute. *Moe v. Alsop,* 189 Or 59, 64-66, 216 P2d 686 (1950).

The first of these was a matter of privilege or excuse; the second would have amounted to requiring the plaintiff to plead his freedom from contributory negligence, which is not necessary. *Id.* 189 Or at 65-66.

The above cases might support an argument that nonextinguishment of liability is "defensive matter," establishes a privilege, or amounts to an excuse which the defendant must plead. ORS 18.440(3) does use the double negative, providing that the settlor is "not entitled" to recovery from a person whose liability is "not extinguished." This suggests nonextinguishment may simply negate what is a fully established right.

*Blackledge v. Harrington, supra,* however, strongly indicates the contrary. The double negative is also used in the provision of ORS 18.440(1) that "[t]here is no right of contribution from a person who is not liable in tort to the claimant." In *Blackledge,* the court nevertheless held that "the statute sets up the existence of liability to the claimant as a factual prerequisite for a claim of contribution." 291 Or at 694. The court thus took the view that the scope of the right to contribution is defined by its exceptions. As regards settlement, there is no reason to treat the extinguishment requirement of ORS 18.440(3) as any less fundamental to the definition of the right than is the last sentence of ORS 18.440(1). In its only discussion of how ORS 18.440(3) fits into the statutory scheme, the Court of Appeals viewed extinguishment as an affirmative prerequisite to relief:

> [after citing ORS 18.440(3)] "* * * [A] tortfeasor whose settlement does not satisfy the plaintiff's claim against other tortfeasors cannot recover contribution from them." *Transport Indemnity Co. v. BB&S, Inc.,* 63 Or App 392, 398, 664 P2d 1115 (1983).

Extinguishment should be treated as a fact essential to establish a settlor's right.

Though these would not control in interpreting the statute, general principles of contribution stated in treatises and other Oregon law support the same conclusion. 18 CJS 7, Contribution § 4, states that:

> *"The right to contribution* is inchoate from the date of the creation of the relation between the parties, but *is not complete,* so as to be enforceable, until there has been an

actual payment, in whole or in part, of the common obligation, or *until something is done equivalent to a discharge* thereof." (Emphasis added.)

18 Am Jur 2d 20-21, Contribution § 9, expresses the rule this way:

"* * *[T]*he right to contribution becomes complete and enforceable only upon a payment* or its equivalent by the claimant *discharging, satisfying, or extinguishing* the whole or more than his just and equitable share of *the common obligation,* provided the obligation is due at the time * * *. [I]t is the discharge* by one common obligor of more than his fair share of the common liability *that gives rise to the right of contribution* * * *." (Emphasis added.)

*See also McCallister v. Jones,* 208 Or 365, 368, 300 P2d 973 (1956), a case involving a contractual right to contribution, where the court stated that:

"The right to contribution arises when the relation of co-obligors is entered into; it then continues to exist as a present inchoate right, which will ripen into a cause of action when and if one of the parties pays more than his just share." (Citation omitted.)

The general rule, that only after payment and discharge of others' liability does one have an enforceable right to contribution, further indicates that TRK should be required to plead extinguishment.

TRK was aware of ORS 18.440(3), for it pleaded that the settlement was reasonable. That it did not plead extinguishment leads me to believe it could not prove that element of the statutory claim; however, this opinion does not depend on inability of proof but on failure to plead an ultimate fact sufficient to constitute a claim.