Argued and submitted July 19, judgments modified, otherwise affirmed September 18, reconsideration denied November 1, petition for review denied November 26, 1985
(300 Or 332)

SOUTHERN PACIFIC TRANSPORTATION
COMPANY,
*Appellant,*

*v.*

CITY OF PORTLAND et al,
*Respondents.*

(A8405-02961, A8409-05523; CA A33508, A34378)
(Cases Consolidated)

706 P2d 1000

Frank M. Parisi, Portland, argued the cause for appellant. With him on the briefs was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Harry Auerbach, Deputy City Attorney, Portland, argued

the cause for respondent City of Portland. On the brief was Rhona Wolfe Friedman, Managing Attorney, Tort Litigation Section, Office of City Attorney, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent Eugene Maudlin. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

On June 11, 1982, Sherril and Aaron Anderson were injured when their truck collided with a Southern Pacific train at the Southeast 9th Avenue and Division Street grade crossing in Portland. On August 26, 1982, they gave written notice to the City of Portland (City) and the Public Utilities Commissioner (PUC) that they intended to assert personal injury claims against those public bodies. In November, 1982, Sherril Anderson filed a complaint seeking recovery for personal injuries and property damage against Southern Pacific only.

On May 16, 1984, Southern Pacific filed a complaint for indemnity and contribution, claiming that City and PUC would be liable for all or part of any damages that it might sustain in the action by Sherril, which had not then come to trial. It alleged that City and PUC had failed to act on requests it had made in 1977 and 1978 either to install automatic gates and flashing lights at the crossing or to close Southeast Division Place to traffic. Aaron filed his action in June, 1984. In September, 1984, Southern Pacific filed a complaint for indemnity and contribution against City and PUC, based on its potential liability in Aaron's action.

City and PUC filed ORCP 21 motions in which they asserted that Southern Pacific had failed to give timely notice under the Tort Claims Act, ORS 30.275(2), because it had not given notice within 180 days of the accident involving the Andersons. The trial court agreed and dismissed the complaints on that basis in September and December, 1984, respectively. The Andersons' cases went to trial in October, 1984. On November 2, 1984, the Andersons executed settlement and release agreements in the amounts of $1,000 for Aaron and $149,000 for Sherril.[1]

At oral argument, Southern Pacific abandoned its claims for indemnity against City and PUC. We address only

---

[1] City and PUC moved to strike those portions of Southern Pacific's briefs that referred to the settlement agreements and the commencement of trial between the Andersons and Southern Pacific, because those events occurred after Southern Pacific's complaints for contribution and indemnity had been filed. Southern Pacific concedes that the agreements are not part of the trial court record. We refer to them only to complete the background of these cases.

the claims for contribution, which is a statutory right. *Blackledge v. Harrington,* 291 Or 691, 694, 634 P2d 243 (1981). ORS 18.450(4) provides:

"(4)    If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either:

"(a)    Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within two years after payment; or

"(b)    Agreed while action is pending against him to discharge the common liability and has within two years after the agreement paid the liability and commenced his action for contribution."

The Supreme Court stated in *Blackledge v. Harrington, supra,* 291 Or at 696: "When the legislature created a cause of action for contribution, it specified in the statute the facts which must be established to support a claim of contribution." ORS 18.450(4) requires that a person seeking contribution first discharge the common liability and then within two years commence an action for contribution. An action for contribution is premature until the person seeking contribution has discharged the common liability. ORS 18.450; *see Huff v. Shiomi,* 73 Or App 605, 607, 699 P2d 1178 (1985).

■ ■    Southern Pacific filed its claims for contribution before it had done anything entitling it to contribution by way of discharging the common liability, which its pleadings show on their faces. City and PUC contend, and Southern Pacific concedes, that the settlement agreements are not part of the record on appeal. Accordingly, we affirm the trial court's dismissal for the reason that Southern Pacific did not plead claims for contribution that had accrued.[2] However, it would not have been appropriate to dismiss the cases with prejudice on that theory, and so we affirm the dismissal but modify the judgments to permit plaintiff to plead further.[3]

---

[2] As to an action for contribution as a third-party action before discharge of the common liability, *see* ORCP 22C; *see also Kahn v. Weldin,* 60 Or App 365, 371, 653 P2d 1268 (1982), *rev den* 294 Or 682 (1983).

[3] *See Beaver v. Pelett,* 299 Or 664, 705 P2d 1149 (1985); *Scovell v. TRK Trans, Inc.,* 299 Or 679, 705 P2d 1144 (1985); *Royal Ins. Co. v. State Trans. Comm.,* 299 Or 688, 705 P2d 1144 (1985).

Judgments modified to permit plaintiff to plead further; otherwise affirmed.